ANNA KRIEG, ALSO KNOWN AS MRS. J. KRIEG, Sr., PLAIN-
TIFF, v. THE PHOENIX INSURANCE COMPANY OF
HARTFORD, DEFENDANT.

Decided July 19, 1935.

For the plaintiff, *Levine & Gaulkin.*

For the defendant, *Lum, Tamblyn & Colyer.*

CAFFREY, C. C. J. This case was submitted on the follow-
ing stipulation:

"On December 24th, 1928, the Phoenix Insurance Com-
pany of Hartford issued a policy of insurance to plaintiff in
the sum of $2,000 to cover certain personal property belong-
ing to her. The policy is in the New Jersey standard form.
On this policy was an endorsement or schedule captioned
'Household Furniture Form.' There is no special form pro-
vided by the commissioner of banking and insurance for such
schedules or endorsements: they are provided for by sub-
section II of paragraph 77 of the Insurance laws of New
Jersey. 2 *Comp. Stat., p.* 2862, amended laws 1929, chapter
283.

"The plaintiff also held another policy in the Automobile
Insurance Company covering the same property in the sum
of $3.000.

"On November 13th, 1930, a fire occurred which caused
$4,000 damage to the insured property.

"The insured personal property was contained in a two
and one-half-story frame structure, with a basement and

attic. This structure contained eleven rooms and two baths and had a one-story extension in the rear.

"The plaintiff had occupied this building for four years prior to the fire as her dwelling. On or about October 1st, 1930, she rented the premises to one Britto as a dwelling. No written lease was made.

"On November 12th, 1930, about midnight, the police of Maywood raided the premises and found a high pressure boiler in the cellar which was connected with a two hundred and fifty-gallon still which was on the first floor. A fire was burning under the boiler. The boiler stood in a pit dug in the cellar floor, which pit was lined with concrete which appeared to be fresh. The boiler was about eight feet long and three and one-half feet in diameter. In the adjoining part of the basement there was a rack extending along the whole width of the basement on which were stacked empty quart bottles of dark glass. Adjoining these bottles was a pile of corks, and this pile of corks together with the stacked bottles extended across the whole length of the rack. The rack was approximately fifteen feet in length and about three feet wide and stood about two and one-half feet from the floor. On the floor were two large wooden barrels approximately three feet long and two and one-half feet high.

"On the second floor, in the front bedroom, was a large metal tank about ten feet long by three feet high and about two and one-half feet wide.

"A hole had been cut in the first floor about eighteen inches square, and a similar hole had been cut in the floor above it. Eighteen-inch columns protruded through these holes supporting the still and terminating in a six-inch vent pipe which went through the roof.

"The plaintiff had no knowledge that the tenant was or had been using the premises for other than dwelling purposes.

"The police dismantled the still and removed it from the premises. This dismantling and removal began about nine A. M. and was completed about four-forty-five P. M. on November 13th, 1930.

"At about nine-thirty P. M. November 13th, 1930, the fire happened."

This policy was issued on the 8th of April, 1929. On November 13th, 1930, a fire occurred which caused $4,000 damage. The insured personal property was contained in the premises occupied by the plaintiff for four years prior to the fire as her dwelling. On or about October 1st, 1930, she rented the premises to one Britto as a dwelling. No written lease was made.

From the stipulation it appears that the new tenants were engaged in the illegal manufacture of liquor without the knowledge of the plaintiff. The defendant urges as one of the grounds for judgment in its favor that this constituted a violation of the warranty and thereby vitiated the policy. From the stipulation it appears that the fact of the operation of the still was unknown to the plaintiff, and I hold this did not vitiate the policy on that ground.

Line 20 of the policy, which is in the standard form, provides, "or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance" the policy shall be void. There is no dispute that the plaintiff, when she rented the premises to Britto on October 1st, transferred her interest and possession in the furniture and violated the provision of the policy, thereby rendering it void.

Without quoting the paragraph in full, reference to section 243 of *Richards on the Law of Insurance* (*4th ed.*), lays down the law with respect to the language quoted from the standard policy.

There will be judgment for the defendant.