DOMINIC SERAFINO AND PAUL DI VITANTONIO, PLAIN-
TIFFS-RESPONDENTS, v. UNITED STATES FIDELITY
AND GUARANTY CO., A BODY CORPORATE, DEFEND-
ANT-APPELLANT.

Submitted October 4, 1938—Decided March 15, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the appellant, *King & Vogt* (*Harold A. Price* and *William P. Braun,* of counsel).

For the respondents, *Edwards, Smith & Dawson* (*Edwin F. Smith, Raymond Dawson* and *George Echelman,* of counsel).

The opinion of the court was delivered by

HEHER, J.   Plaintiffs suffered injuries—Di Vitantonio on May 5th, 1933, and Serafino on May 14th, 1933—by accident arising out of and in the course of their respective employments with one Salvatore Bonanni; and, in separate proceedings instituted in the Compensation Bureau, they were awarded compensation under the elective system created by chapter 95 of the laws of 1911 (*Pamph. L., pp.* 134, 763), as amended.

There was in force, when these accidents occurred, a policy of workmen's compensation insurance issued by the defendant corporation to Bonanni and one Daniel Padovano on May 4th, 1933; and the plaintiffs joined in this action against the insurer to enforce payment of the awards so made.

The gravamen of the complaint was that the awards were within the policy coverage, and that, in any event, defendant, by undertaking the defense of the proceedings in the bureau, was estopped from asserting non-coverage. As regards the employments, there was the bare allegation that each plaintiff

sustained his injuries "in an accident arising out of and in the course of his employment; said employment being pursuant to an agreement made by" him "with Salvatore Bonanni."

The judgments of the Compensation Bureau were put in evidence; and they embody all the proofs respecting the nature of the employments and the character of the service at which plaintiffs were engaged when they sustained their injuries. Di Vitantonio was "hired by * * * Bonanni on May 4th, 1933, for grading work at Mountain Lakes, New Jersey;" and there was a finding that he was injured by an accident arising out of and in the course of that employment. Serafino "alleged that he was employed by * * * Bonnani, on or before May 14th, 1933, in performing certain mason work * * * in the borough of Mountain Lakes," and suffered an eye injury "while chipping stone with a steel hammer;" and it was found that he was "in the employ of * * * Bonanni at the time of the occurrence of his injury," and that the injury "arose in the course of his employment * * * by Bonanni."

The trial judge directed a verdict in favor of plaintiffs for their respective awards, on the ground that the accidents were covered by the contract of insurance; and the insurer appeals from the consequent judgment.

In our view, the learned trial judge misinterpreted the contract. We do not read it as covering individual operations of the named assureds, separate and distinct from their co-partnership undertakings of the character covered by the policy. The insurer thereby agreed with "this Employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employes, including death at any time resulting therefrom," to pay (a) the compensation provided by section II of the Workmen's Compensation Act, *supra*, and (b) to indemnify "this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employes as are legally employed * * *." Thus it is that, for the employer's insured character and status, reference must

be had to the declarations. The employer is insured only as "named and *described*" in the declarations.

Item 1 of the declarations follows:

"Name of this Employer Salvatore Bonanni and Daniel Padovano, P. O. Address, 719 Wooton Street, Boonton, New Jersey.

"For the purpose of serving notice, as in the Policy provided, this Employer agrees that this address may be considered as both residence and business address of this Employer or any representative upon whom notice may be served.

"Individual, co-partnership, corporation or estate? Co-partnership."

Item 3 thereof classifies the "business operations" of "this Employer" as "masonry, concrete, or stucco work incident to the construction of private residences" of a given character and description, and lists the above address as the premises "at or from" which the operations were to be conducted.

Item 4 also evinces a purpose to limit the policy coverage to "all persons employed in the service of this Employer in connection with the business operations above described * * *;" and item 5 declares that "This Employer is conducting no other business operations at this or any other location not herein disclosed."

These provisions, taken and compared together in the light of the general object of the contracting parties, unmistakably reveal a common purpose to confine the policy coverage to the co-partnership operations of the insured. Plainly, the term "co-partnership," as used in item 1 of the declarations, was designed to exclude operations of the individual assureds unassociated therewith; there is no other discernible purpose. This is certainly the meaning that would be attributed to the language by a reasonably intelligent person conversant with all operative usages and knowing the circumstances attending the transaction. *Corn Exchange National Bank and Trust Co.* v. *Taubel*, 113 *N. J. L.* 605.

As so used, the word "co-partnership" cannot fairly be considered as descriptive merely of the status of the assureds as respects each other, with no sense of coverage limitation to

the prosecution of the joint enterprise. If that were so, the word—viewed in the light of the common object—would be meaningless; and it is a secondary canon of construction that the judicial authority will, if possible, give effect to all parts of the instrument, and an interpretation which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable. *Williston on Contracts (Rev. Ed.)*, § 619; *A. L. I. Contracts*, § 236 (a).

The stipulation for the payment of "the premium" on "operations as above defined  *  *  *  undertaken by this Employer," but "not described or rated" in the declarations, manifestly has reference to co-partnership undertakings, as distinguished from those of the individual assureds unconnected therewith.

Plaintiffs are not aided, as regards the scope of the policy, by the provisions of section 14 of chapter 178 of the laws of 1917 (*Pamph. L., pp.* 522, 526), whose obligations the insurer expressly embraced by an endorsement upon the policy. This enactment merely enjoined the insurer not to limit its liability "to an amount less than that payable by the insured on account of the risk insured against under this act," or "the total liability of the insurer because of injuries to two or more persons in a single accident," and not to "insure the employer against any liability whatsoever other than liability arising under this act;" and the insurer was thereby expressly authorized to issue a policy to "an employer," insuring "him against his liability under this act upon any particular business, plant, or employment carried on by him, provided that all other businesses, plans (*sic*), or employments carried on by the *same employer* are insured or exempted as provided for in this act."

Fairly construed, these provisions do not serve to disable the insurer from issuing a policy of compensation insurance limited to joint, partnership activities, as distinguished from the essentially individual operations of the co-partners. As stated, the declarations plainly mark the distinction between partnership and individual undertakings. The amendment

adopted in 1937 (*Pamph. L., p.* 404; *R. S.* 1937, 34:15-87) would seem to make clear this legislative intent.

It is pertinent to observe here that the parties to such a contract are free to enter into such engagements as they choose, if not in contravention of statutory inhibitions or public policy. Where the language employed to express the common intention is clear and unambiguous, giving to the words their ordinary significance and taking into consideration the general design and purpose, there is no occasion for the application of the canons of construction. As in the case of other contracts, the judicial function is limited to the effectuation of the plainly expressed intention of the parties to the contract. *Kindervater* v. *Motorists Casualty Insurance Co.,* 120 *N. J. L.* 373. Where, as here, the words used to express the common purpose are plain and unequivocal, and delimit with understandable certainty the liability imposed upon the insurer, there is no room for the application of the rules of construction designed to resolve doubts and ambiguities arising from the language employed to express the agreement. *Zurich General Accident and Liability Insurance Co.* v. *American Mutual Liability Insurance Co.,* 118 *N. J. L.* 317.

The case of *First National Trust and Savings Bank* v. *Industrial Accident Commission,* 213 *Cal.* 322; 2 *Pac. Rep.* (2d) 347; 78 *A. L. R.* 1324, relied upon by respondents, presents obvious essential statutory and factual differences, and is therefore not in point. If it be read as authority for their construction of the contractual stipulations under review, considering them in the abstract without regard to pertinent statutory provisions and the attendant circumstances, we think it does violence to the ordinary sense of the language used.

Yet the judgment is unassailable. Appellant is, by its conduct, estopped from denying liability under the policy for the awards so made to plaintiffs.

The evidence conclusively demonstrates that appellant undertook the defense of plaintiffs' claims for compensation, with knowledge that they were interposed as growing out of contracts of employment made with Bonanni individually,

unassociated with the partnership. The first alleged disavowal of liability, made in the course of the hearing upon the petition of respondent Serafino, came too late; an estoppel by conduct had then arisen. Appellant had answered, on Bonanni's behalf, the first formal petition for compensation filed by Serafino on August 14th, 1933, based upon a claimed employment with Bonanni alone, and had unconditionally undertaken and pursued the defense of the action. And it took the same course with reference to the formal petition filed by Di Vitantonio on October 11th, 1933, likewise alleging employment with Bonanni individually, and not with the co-partnership. There was no disclaimer in this case until several weeks after the first hearing upon the petition. These circumstances preclude the insurer from asserting non-liability. *Horn* v. *Commonwealth Casualty Co.,* 105 *N. J. L.* 616; *Cook* v. *Preferred Accident Insurance Co.,* 114 *Id.* 141; *Neilson* v. *American Mutual Liability Insurance Co.,* 111 *Id.* 345; *Caiola* v. *Aetna Life Insurance Co.,* 13 *N. J. Mis. R.* 845; *affirmed,* 116 *N. J. L.* 381; *Zisko* v. *Travelers Insurance Co.,* 117 *Id.* 366; *O'Dowd* v. *United States Fidelity and Guaranty Co.,* 117 *Id.* 444; *Marx* v. *United States Fidelity and Guaranty Co.,* 118 *Id.* 262. Our court of last resort has ruled that it does not matter, in the application of the doctrine of waiver and estoppel, that the liability asserted is not within the terms of the policy. *O'Dowd* v. *United States Fidelity and Guaranty Co., supra.*

There is little or no exposition of this point in appellant's briefs. The main brief dismisses it as "not involved in this appeal," because the verdict was directed on the ground first mentioned, while the reply brief, again insisting that the point is "not properly before" the court, maintains without any attempt at demonstration that the evidence presented a jury question on the issue of estoppel.

Appellant plainly misconceives the applicable procedural rule. Even though the grounds advanced by the trial judge for the direction of a verdict are tainted with error, the judgment thereon will nevertheless be sustained, "if in fact the direction was proper upon other grounds appearing in the

case." *Procacci* v. *United States Fire Insurance Co.*, 118 *N. J. L.* 423. The ruling consideration is the propriety of the judicial action, and not the validity of the reason upon which it was rested. *Robins* v. *Mack International, &c., Corp.*, 107 *Id.* 285; *Adams* v. *Olsen*, 107 *Id.* 288; *Kraemer* v. *Newark*, 13 *N. J. Mis. R.* 163; *affirmed,* 115ʳ *N. J. L.* 519; *Sadler* v. *Young*, 78 *Id.* 594; *Wyckoff* v. *Bradley*, 113 *Id* 104; *Security Trust Co.* v. *Anderson*, 110 *Id.* 503; *Allen* v. *Spring Street Realty Co.*, 111 *Id.* 88; *McMichael* v. *Horay*, 90 *Id.* 142.

The judgment is accordingly affirmed, with costs.