7 N.J. Super. 547 (1950)
72 A.2d 425
FRANK W. WAGNER, JR., BY HIS GUARDIAN AD LITEM, FRANK W. WAGNER, SR., AND FRANK W. WAGNER, SR., AND ELIZABETH WAGNER, PLAINTIFFS,
v.
JOSEPH MACHETTO, D/B/A J. MACHETTO CONTRACTING CO., DEFENDANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided March 15, 1950.
Mr. Charles J. Tyne, attorney for plaintiffs.
Mr. George P. Moser, attorney for defendant.
*548 PROCTOR, J.S.C.
At the pretrial conference it was stipulated that the plaintiffs, Frank W. Wagner, Sr., and Elizabeth Wagner, could move informally to strike the fourth separate defense to the second and third counts of the complaint. Counsel have filed their briefs and the motion is ripe for adjudication although no formal motion papers have been filed.
The complaint was filed on June 15, 1949. An examination of the complaint discloses that on April 28, 1945, Frank W. Wagner, Jr., seven years of age, was struck by a motor vehicle owned and operated by the defendant. In the first count he sues by his guardian ad litem, Frank W. Wagner, Sr., for damages for the injuries he sustained.
In the second count of the complaint, Frank W. Wagner, Sr., alleges that he is the father of the infant plaintiff, and because of the injuries sustained by the latter, he as his father is entitled to past and future medical expenses.
In the third count of the complaint, Frank W. Wagner, Sr., and Elizabeth Wagner assert that they are the parents of Frank W. Wagner, Jr., and as a result of the injuries the infant plaintiff sustained, they are entitled to damages for the loss of his earnings and services.
Defendant, in his fourth separate defense to the second and third counts of the complaint, contends that the two-year statute of limitations is a bar to the parents' action.
In the case of Fryer v. Mount Holly Water Co., 87 N.J.L. 57 (Sup. Ct. 1915), it was held that a claim asserted by a father for loss of services and medical expenses resulting from an injury to his infant child does not come within the two-year statute of limitations and is, therefore, not barred if suit is instituted more than two years after the cause of action arose. Mr. Justice Bergen remarked:
"The right of the father to recover is based upon a violation of his property rights, and this statute of limitations should not be extended beyond that resulting from a strict construction thereof. The action to which the statute relates is one `for injuries to persons' and not to the consequences which another may suffer because of such injuries."
*549 The statute of limitations in question was Section 3 of "An Act for the limitation of actions" (Comp. Stat., p. 3162), which provided that all actions "accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons * * * shall be commenced and instituted within two years next after the cause of such action shall have accrued and not after."
The Revision of 1937 changed the pertinent clause of the statute from "injuries to persons" to "injuries to the person." R.S. 2:24-2. However, the change did not alter the ruling declared in the Fryer case, supra. Indeed, "injuries to the person" appears to be more restrictive than "injuries to persons." See Kearney v. Mallon Suburban Motors, Inc., 23 N.J. Misc. 83, at p. 87 (Essex County Circuit Court, 1945).
Defendant cites a number of cases in other jurisdictions holding that the clause "injuries to the person" in statutes of limitation is broad enough to cover actions for consequential damages. However, New Jersey does not share this view. See note in 108 A.L.R. 526, citing Fryer v. Mount Holly Water Co., supra.
I will sign an order striking the fourth separate defense to the second and third counts of the complaint.