20 N.J. Super. 497 (1952)
90 A.2d 81
WALTER METZLER, AN INFANT, BY HIS GUARDIAN AD LITEM MAURICE METZLER, PLAINTIFF-RESPONDENT,
v.
LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 30, 1952.
Decided July 10, 1952.
*498 Before Judges EASTWOOD, STEIN and CLEARY.
Mr. Heyman Zimel argued the cause for the plaintiff-respondent. Messrs. Harry S. La Poff and Heyman Zimel, attorneys.
Mr. John F. Leonard argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This is an appeal by defendant from an adverse judgment rendered by the Bergen County District Court, in an action instituted to recover benefits alleged to be payable under a limited accident insurance policy.
The facts are not in dispute and are stipulated by the parties. The plaintiff, a student of eight years of age, was the assured under a "Students Medical Accident Policy" issued by the defendant company, which provided, inter alia, indemnity for medical expense caused by accidental bodily *499 injuries sustained by the assured while going directly from school to home. The annual premium was $1.
On March 12, 1951, Walter Metzler, the assured, left school on the northerly side of Kossuth Street in the Borough of Haledon, turned in a westerly direction and proceeded for a distance of approximately 150 feet, then turned left and proceeded south across Kossuth Street and continued across the curb and sidewalk and across the abutting property a distance of approximately 25 feet to a residential dwelling under construction. At this point he stopped to play on the rafters and beams which covered the foundation and cellar. In the course of his play he fell through to the basement, nine feet below, and sustained injuries.
The court below found that the boy's injuries were suffered while going directly from school and directed that judgment be entered in plaintiff's favor in the sum of $111, representing the amount of the medical and hospital expenses.
Admittedly, the specific provision of the policy pertinent to the issue reads as follows:
"Against loss, which the Company will pay, consisting of expense hereinafter mentioned, resulting from accidental bodily injury sustained by `such student' only, (a) while in attendance at school; (b) while going directly from home to school and directly from school to home (excluding bodily injuries which may occur in the residence); * * *."
Defendant contends that in crossing the street onto private property to engage in play upon the premises under construction, plaintiff deviated from going directly home from school and took himself outside the protection of the policy, so that defendant was not liable thereunder.
The defendant argues the word "directly" should be given its common ordinary meaning and that the terms of the policy were clear and unambiguous; that the policy cannot be construed otherwise than covering injuries received while going home from school in a straightforward way, without deviation and that to give the policy a different interpretation is to adopt a strained construction.
*500 The plaintiff argues that insurance contracts receive a fair and reasonable construction to fulfill the intent of the parties and that if there be any doubt or ambiguity about the terms thereof, it is to be resolved liberally in favor of the insured and against the company; that normal deviations and digressions are to be expected of an eight year old child and the same should be considered as within the term "directly" as applied to him.
In construing an insurance contract, as in the construction of other contracts, the elementary rule of construction is to determine the intention of the parties as demonstrated by the language employed when read and considered as a whole. Prather v. American Motorists Insurance Co., 2 N.J. 496, 502 (1949). The crux of the matter and the pivotal point about which the resolution of this issue turns is the meaning of the word "directly" as used in the insurance contract.
The lexicographical interpretation of the word "directly" has been established to mean: "In a direct manner; in a straight line; without deviation of course; straight," Webster's New International Dictionary (2d ed.). Similarly, in Black's Law Dictionary (4th ed., 1951) it has been defined as: "In a direct way without anything intervening; not by secondary, but by direct means."
In 12 Words and Phrases, p. 481, "directly" means in a direct way without anything intervening; not by secondary, but by direct means. Clark v. Warner, 85 Okl. 153, 204 P. 929, 934 (Sup. Ct. 1922); cf. Provident Life & Accident Ins. Co. v. Campbell, 18 Tenn. App. 452, 79 S.W.2d 292, 296 (Ct. App. 1934).
In 26 C.J.S., pp. 1319, 1320, it is stated:
"DIRECTLY. The word is derived from the Latin `directus,' straight, the past participle of `dirigere,' to set in a straight line. Its primary idea is of space  in a straight line, rectilinearly, undeviating, etc., and in this sense it may be defined as in a straight line or course, literally or figuratively; in a straight line or course at right angles to a surface, without curving, swerving, or deviation; *501 not circuitous. The secondary meanings of the word are analogous to the idea of straightness in space, hence in a straightforward way, without anything intervening, without the intervention of any medium; in a direct way, not by secondary, but by direct, means, without anything intervening. * * *"
Early in our judicial history, the courts of this State had occasion to consider the meaning of the word "directly" in the case of Stillwater v. Green, 9 N.J.L. 61, 63 (Sup. Ct. 1827), wherein it was stated:
"The first subject of enquiry is, whether by the year's residence the pauper obtained a settlement. Under the act of 1774 an healthy person coming directly from Europe into this state shall be legally settled in the township in which he shall first settle and reside for one year. The pauper however did not come into this state directly from Europe. He came here directly from the state of New York, and nearly two months after he landed. It would be a perversion of language and a denial of any signification or force to the word directly, to say the case is within that term of settlement. In Chatham v. Middlefield, 19 John. [Johns.] 56, the Supreme Court of New York, on the construction of their act, substantially similar to our own, said, `The coming directly from some foreign port or place into this state' means coming from some port or place out of the United States, without passing through either of the sister states into this state."
Our review of the language of the contract and the use of the word "directly" fails to indicate any ambiguity or basis for conflicting contemplations of the parties. We are of the opinion that the language used indicated an intention to restrict coverage to a limited scope of activity provided for therein and that the term "directly" connoted the ordinary understanding of that word, i.e., in a straight line or course, without digression or deviation.
It is stated in Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373, 376 (E. & A. 1938):
"* * * Where the language employed to express the common intention is clear and unambiguous, giving to the words their ordinary significance and taking into consideration the general design and purpose, there is no occasion for the application of the canons of construction. As in the case of other contracts, the judicial function *502 is limited to the effectuation of the plainly expressed intention of the parties to the contract."
Similarly, in Serafino v. U.S. Fidelity & Guaranty Co., 122 N.J.L. 294, 299 (Sup. Ct. 1939), it is said:
"* * * Where, as here, the words used to express the common purpose are plain and unequivocal, and delimit with understandable certainty the liability imposed upon the insurer, there is no room for the application of the rules of construction designed to resolve doubts and ambiguities arising from the language employed to express the agreement. Zurich General Accident & Liability Insurance Co. v. American Mutual Liability Insurance Co., 118 N.J.L. 317."
Cf. Cronan v. Travelers Indemnity Co., 126 N.J.L. 56, 58 (E. & A. 1941).
Chief Justice Vanderbilt, speaking for the Supreme Court, in James v. Federal Insurance Co., 5 N.J. 21, 24, 25 (1950), stated the rule as follows:
"* * * Whatever may be the rules of construction when a policy of insurance is ambiguous, it has long been the law in this State that when the contract is clear the court is bound to enforce the contract as it finds it. `The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce the contract as it is written.' Kupfersmith v. Delaware Insurance Company, 84 N.J.L. 271, 275 (E. & A. 1912); Caruso v. John Hancock Mutual Life Ins. Co., 136 N.J.L. 597, 598 (E. & A. 1947)."
We find that the language of the insurance contract is clear and unambiguous and that there was no need for invoking the canons of construction; that the same could well have been enforced in accordance with its written word. In so holding, we find that Walter Metzler was not en route directly from school to home when the accident complained of occurred and a fortiori, not within the protection of the policy. Such interpretation is in harmony with the clear words of the contract and the apparent intent of the parties.
The judgment of the Bergen County District Court is reversed.