22 N.J. Super. 238 (1952)
92 A.2d 66
BEATRICE SCHNEIDER, PLAINTIFF-RESPONDENT,
v.
NEW AMSTERDAM CASUALTY COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided October 23, 1952.
*241 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. William H.D. Cox argued the cause for the appellant (Messrs. Cox & Walburg, attorneys).
Mr. Edward J. Abromson argued the cause for the respondent.
GOLDMANN, J.A.D.
Plaintiff brought an action in the Essex County District Court to recover for property loss under an insurance policy issued to her by defendant. Judgment in the amount of $657.24 was entered in her favor, and defendant appeals.
On July 14, 1951 plaintiff went to the Newark airport to take a Modern Air Transport plane to Miami. She held a round-trip ticket purchased from that company, the price of the ticket including transportation of baggage within a stated weight. Before boarding the plane she checked a lady's bag and a pullman case, containing her clothes and personal effects, with the airline, to be forwarded on the same passenger plane she was taking. The bags were overweight; she paid $1.20 for the excess and received two Modern Air Transport checks limiting the company's liability to $100 for each bag. Plaintiff last saw the bags on the company conveyor, along with other baggage.
Upon arriving in Miami plaintiff presented the checks to the airline, but her baggage was not on the plane, nor did it come on later planes. The company has never been able to locate her property.
At the time of this trip there was in full force and effect a policy issued by defendant insuring plaintiff against property *242 loss through theft. Under "Coverage B  Theft Away from the Premises," defendant agreed
"To pay for loss by theft or attempt thereat, vandalism or malicious mischief away from the premises of personal property insured under Coverage A ["Theft from the Premises or a Depository"] which is owned or used by the insured * * *.
This coverage does not apply to:

* * * * * * * *
(c) property while unattended in or on any automobile, motorcycle or trailer, other than a public conveyance;
(d) loss of property while in the charge of * * * any carrier for hire;

* * * * * * * *

CONDITIONS

1. Definitions. * * *
(b) Theft. The word `theft' includes larceny, burglary and robbery. Mysterious disappearance of any insured property, except a precious or semi-precious stone from its setting in any watch or piece of jewelry, shall be presumed to be due to theft."
The limit of insurance under "Coverage B" was $1,000.
The above facts were stipulated in the court below. Both sides moved for judgment, defendant on the ground that the policy excluded coverage for loss of property by theft while it was in charge of any carrier (clause (d) above), clause (c) being unambiguous and inapplicable, and plaintiff on the ground that clause (c) did apply. In granting plaintiff's motion the court construed the two sections together and applied the rule that if the language employed in an insurance policy is reasonably open to two constructions, the one more favorable to the insured will be adopted. The court assessed plaintiff's damages at a later date and entered the judgment here under appeal.
It is, of course, the almost universal rule that insurance contracts must wherever possible be liberally construed in favor of a policyholder or beneficiary thereof, and strictly construed against the insurer in order to afford the protection which the insured sought in applying for the insurance. Snyder v. Dwelling-House Insurance Co., 59 N.J.L. 544 (E. & A. 1896); Cohen v. Mutual Benefit Health and Accident Assn., 134 N.J. Eq. 499 (Ch. 1944); *243 cf. Caruso v. John Hancock Mutual Life Ins. Co., 25 N.J. Misc. 318 (Sup. Ct. 1947), affirmed 136 N.J.L. 597 (E. & A. 1948). If the meaning of the words employed is doubtful or uncertain, or if for any reason any ambiguity exists either in the policy as a whole or in any portions thereof, the insured should have the benefit of a favorable construction in each instance. Harris v. American Casualty Co., 83 N.J.L. 641 (E. & A. 1912); Kissinger v. North American Union Life Assur. Society, 108 N.J.L. 405 (E. & A. 1932); Weiss v. Union Indemnity Co., 107 N.J.L. 348 (E. & A. 1931). And if the policy contains inconsistent or conflicting provisions, the courts will give effect to the provision which gives the greater benefit to the insured. Nuzzi v. U.S. Casualty Co., 121 N.J.L. 249 (E. & A. 1938). Where, from the language of the policy, it is possible to adopt either of two reasonably consistent interpretations, that construction will be adopted which permits recovery, rather than the one which would deny coverage. Lower v. Metropolitan Life Ins. Co., 111 N.J.L. 426 (E. & A. 1933), reversing 10 N.J. Misc. 1236 (Sup. Ct. 1932); Fleming v. Conn. General Ins. Co., 116 N.J.L. 6 (E. & A. 1935); Krieg v. Phoenix Ins. Co., 116 N.J.L. 467 (E. & A. 1936), reversing 13 N.J. Misc. 555 (Sup. Ct. 1935); cf. Jorgensen v. Metropolitan Life Ins. Co., 136 N.J.L. 148 (Sup. Ct. 1947). 13 Appleman, Insurance Law and Practice (1943), § 7401, p. 50; 1 Couch, Cyclopedia of Insurance Law (1929), § 188, p. 392.
In the absence of a statute to the contrary, an insurance company has the right to impose whatever conditions it chooses on its obligations, not inconsistent with public policy, and the courts may neither add thereto nor detract therefrom. Exceptions, exclusions or reservations in an insurance policy will be construed in accordance with their language and the usual rules governing the construction of insurance contracts.
Our attention, therefore, fixes upon the language of clause (c) under Coverage B, which provides that there will *244 be no coverage of "property while unattended in or on any automobile, motorcycle or trailer, other than a public conveyance." We cannot agree with defendant's contention that this language is unambiguous. The difficulty arises by reason of the words "other than a public conveyance," which are separated from the preceding language by a comma. A person giving these words their common and ordinary meaning, within the context of the entire clause, might reasonably understand that clause (c) means that where personal property is stolen or mysteriously disappears while on a public conveyance, the owner is covered. Thus, if plaintiff's property was stolen while in or on a trolley car, railroad, autobus or other public conveyance, defendant would be liable for its loss.
Defendant argues that the clause "other than a public conveyance" relates back to "automobile, motorcycle or trailer," and accordingly plaintiff can recover only where her property was stolen or mysteriously disappeared while left in an automobile, motorcycle or trailer which is a public conveyance. Defendant's construction of clause (c) would compel one to speak of a motorcycle or a trailer as a public conveyance. It is not difficult to speak of an automobile as a public conveyance; autobusses and taxicabs are everyday examples of that type of transportation. However, there is difficulty in speaking of a motorcycle or trailer as a public conveyance; such vehicles are not used for such purpose in our everyday experience. To interpret the clause as defendant would have us would require strain or distortion in the ordinary and commonly accepted meaning of the language employed.
"Public conveyance" permits of a broad construction; the courts do not feel that a stringent interpretation need be undertaken. 1 Appleman, Insurance Law and Practice (1943), § 576, p. 716; cf. Fleming v. Conn. General Ins. Co., above. In determining whether or not a vehicle is a public conveyance, it is not necessarily the type of vehicle which controls, but the conduct of the trip, the right of the *245 carrier to select the persons to be conveyed, and the like. There is nothing in the record to show that the trip which plaintiff made was other than a regular trip of the airline, or that the airline reserved to itself the right to select a particular type of passenger whom it would transport.
We may take judicial notice that planes like the one used by plaintiff are public conveyances. Planes and plane flights are subject to governmental regulation (Civil Aeronautics Act of 1938, 49 U.S.C.A., § 401 ff.), just as railroads and autobusses are. The plane on which plaintiff travelled from Newark to Miami was a public conveyance. Cf. Ziser v. Colonial Western Airways, Inc., 10 N.J. Misc. 1118 (Sup. Ct. 1932). Since the meaning of the words employed by the defendant insurance company in clause (c) is doubtful or uncertain, and the clause capable of two possible interpretations, the clause will be construed to permit recovery, rather than to deny coverage.
Clause (d) excluded coverage for loss of property "in charge of any carrier for hire," and defendant contends that this provision forecloses plaintiff from recovering for the loss of her baggage. Assuming, arguendo, that defendant was a carrier for hire because part of the cost of plaintiff's ticket and the $1.20 extra which she paid were consideration for the transportation of her bags, the clause would be in conflict with the language of clause (c), for the airplane would at one and the same time be a public conveyance as well as a carrier for hire. The rule of construction would then apply that if a policy contains possible inconsistent or conflicting provisions, the courts will give effect to the provision which gives the greater benefit to the insured.
If, because of clause (d), the policy be construed so as not to cover property while in or on a public conveyance, one would have to completely disregard and give no effect to the provision of clause (c) relative to "other than a public conveyance," and thus in effect exclude a provision which the parties themselves saw fit to include. The more logical interpretation of clause (d) would be that the words "any *246 carrier for hire" refer to any person, firm or corporation engaged solely in the business of transporting property of any type, such as a trucker, railway express company, package delivery service and the like. Such a construction would enable the court to give both clauses under consideration full effect, without conflict.
If defendant intended to exclude a public conveyance as well as a carrier for hire, it could have done so by simple and express language.
Judgment affirmed.