JAGGERS

v.

**MERCHANTS INDEMNITY CORP. OF NEW YORK.**

Civ. No. 918–51.

United States District Court
D. New Jersey.

Feb. 23, 1954.

Alfred Brenner, Bayonne, N. J., for plaintiff.

Emory, Langan & Lamb, Jersey City, N. J., By James B. Emory, for defendant.

MEANEY, District Judge.

This case has been submitted to the court on an agreed set of facts. Counsel have stipulated that plaintiff herein

---

was covered by an insurance policy issued by defendant which provided, inter alia, that under "Coverage A—Bodily Injury Liability" plaintiff was insured against liability imposed by law in the amount of $10,000 for each person, and $20,000 for each accident; and under "Coverage B—Property Damage Liability" for each accident in the amount of $5,000.

While this policy was in effect and covered an automobile owned by plaintiff, an accident occurred resulting in injuries to a woman passenger in plaintiff's automobile. The woman passenger, in a suit against Mrs. Jaggers, plaintiff in the suit at bar, in the Superior Court of New Jersey, recovered judgment for her injuries in the amount of $10,000, which, together with costs, was paid by the Merchants Indemnity Corporation of New York, defendant herein.

In that same action the husband of the woman passenger sued Mrs. Jaggers to recover for medical expenses and the service and consortium of his wife, and judgment of $3,500 was recovered by him. The demand was subsequently made that defendant herein make payment of such judgment to the husband of the injured woman, but this the defendant refused to do, denying liability. Mrs. Jaggers consequently made this payment herself and has brought this action to recover the sum of $3,500, contending that defendant is liable under the "property damage" feature of the policy. Defendant, of course, denies any such liability.

In Schneider v. New Amsterdam Cas. Co., App.Div.1952, 22 N.J.Super. 238, 92 A.2d 66, the court said:

"It is, of course, the almost universal rule that insurance contracts must wherever possible be liberally construed in favor of a policyholder or beneficiary thereof, and strictly construed against the insurer in order to afford the protection which the insured sought in applying for the insurance." (Citing cases). 22

N.J.Super. at page 242, 92 A.2d at page 68. See McAllister v. Century Indemnity Co., App.Div.1953, 24 N. J.Super. 289, 94 A.2d 345.

Yet in the construction of such policies it is, of course, elementary that the intention of the parties should control. American Shops, Inc., v. Reliance Ins. Co., 1953, 26 N.J.Super. 145, 151, 97 A.2d 513; Metzler v. London Guarantee & Accident Co. Ltd., App.Div. 1952, 20 N.J.Super. 497, 90 A.2d 81. Where that intention can be clearly discovered, the court will give effect to it according to the terms used in the policy, especially where there is no ambiguity or basis for the existence of conflicting contemplations of the parties, Metzler case, supra, 20 N.J.Super. at page 501, 90 A.2d 81.

These principles find application in the instant case. The policy in question provides, in pertinent part, as follows:

"Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Among the conditions of the policy is the following:

"3. Limits of Liability—Coverage A: The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for

all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to 'each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by two or more persons in any one accident."

It would appear that the policy contemplates the injuries in question to be clearly within the meaning of "bodily injury" rather than "property damage." Indeed, the New Jersey Supreme Court in 1930 held in the case of a policy written under the authority of a statute, and with a similar coverage for bodily injury, that the obligation on the part of an insurance company to pay a husband for loss of consortium and expenses resulting from injuries to his wife arose out of the intention of the legislature to allow "recovery to any one who suffers damages 'on account of bodily injuries,' whether to himself, his wife, or to his dependent child." Kula v. Jersey Mut. Casualty Ins. Co., 153 A. 265, 266, 8 N.J.Misc. 929, 930, 931.

 Plaintiff relies on the authority of Fryer v. Mount Holly Water Co., 1915, 87 N.J.L. 57, 93 A. 679, and Wagner v. Machetto, 1950, 7 N.J.Super. 547, 72 A.2d 425, to show that an action for loss of services is considered by the New Jersey courts to be an action on a property right in so far as the statute of limitations is concerned. These cases so hold. But in the case sub judice, the language of the policy itself so clearly includes loss of services under the coverage of bodily injury that this court must, in good conscience, find that such loss does, within the plainly expressed contemplation of the parties, arise from such bodily injuries and not from any damage to property.

A comprehensive and apposite discussion of this point is to be found in the case of Burstein v. United States Lines Co., 2 Cir., 1943, 134 F.2d 89.

Judgment is hereby granted in favor of defendant.

Let an order be submitted accordingly.