Gilbert Graser, Father and Next Friend of Jeffery Graser, a Minor, Plaintiff-Appellee, v. Mutual of Omaha Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 50,859.

First District, Second Division.

April 19, 1966.

Edward V. Scoby and Ross, Kralovec, Sweeney & Marquard, of Chicago, for appellant.

John A. Doyle, of Chicago, for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a summary judgment entered in favor of plaintiff and against defendant in an action brought to recover benefits under a school accident expense insurance policy.

On October 16, 1962, eleven-year-old Jeffery Graser, a 6th grade student at Orchard Place School in Des Plaines, fell out of a tree located in an area a short distance west of the school and fractured his arm. His father filed a claim for benefits under an accident expense policy defendant had issued to Des Plaines School District #62 (which encompasses the Orchard Place School) and which insured him against medical expenses resulting from accidental bodily injuries sustained while:

"Traveling directly to or from the Insured's home premises and the school for regular school sessions, within one hour before school begins and one hour after the Insured is dismissed. . . ."

The claim was denied and suit was brought in the Circuit Court of Cook County.

The parties ultimately entered into the following stipulation of fact:

1. On October 16, 1962, Defendant had issued its Accident Expense Policy to Des Plaines School District #62, a true and correct copy of which policy is attached hereto as Exhibit "A" and made a part hereof.

2. On said date, Plaintiff's son, Jeffery Graser, age 11, was a 6th grade student at Orchard Place School at 2727 Maple Avenue, Des Plaines, and was one of the persons insured under said policy.

3. On said date, Plaintiff's son fell from a tree and sustained accidental bodily injuries.

4. On said date, the home of Plaintiff and his son was located at 2891 East Craig Drive, Des Plaines.

5. The attached map truly and correctly portrays the location of the said Orchard Place School (#1), the place of the said accident (#2) and Plaintiff's residence (#3).

6. On said date, Plaintiff's son was dismissed from school at approximately 3:30 p. m., visited with a friend named Steven Householder who was stationed as a crossing guard at the intersection of Pratt and Scott Streets, then in the company of another friend named Larry Verrang, walked to the said tree and fell as he was attempting to climb it. The accident occurred at approximately 4:25 p. m. If called as a witness here, Jeffery Graser would testify that he customarily walked home from school via the following route: Maple to Pratt to Railroad Avenue to Central to Nimitz Drive to Craig Drive.

7. The policy attached as Exhibit "A" provides, in part, that said Jeffery Graser is insured while:

> "(3) Traveling directly to or from the Insured's home premises and the school for regular school sessions, within one hour before school begins and one hour after the insured is dismissed or the required time when traveling in school furnished transportation."

8. Defendant makes no contention that the accident did not happen within one hour after Jeffery Graser was dismissed from school.

9. The sole issue is whether or not Jeffery Graser was traveling directly from the school to his home,

27

within the meaning of policy provision (3) as set forth above, at the time of the said accident.

10. If said Jeffery Graser was traveling directly home from school at the time of his said accident, Plaintiff is entitled to judgment in the sum of $778.-50, plus his costs of suit. If not, Defendant is entitled to judgment for its costs of suit.

Plaintiff and defendant presented cross-motions for summary judgment and submitted briefs. The motion of plaintiff for summary judgment was sustained; defendant's motion for summary judgment was denied; and judgment was entered in favor of plaintiff in the sum of $778.50.

The sole issue presented in this appeal is whether Jeffery Graser was, at the time of his accident, traveling directly home from school within the meaning of the policy. Defendant's position is that the accident occurred under circumstances clearly outside the coverage of the policy and contends (1) that Jeffery was not traveling, and (2) that even if Jeffery was traveling, he was not traveling directly to his home at the time of his fall in that his home was east and the scene of the accident west, of the school. We will consider defendant's second contention first.

This is a case of first impression in Illinois. The case of Metzler v. London Guaranty & Accident Co., 20 NJ Super 497, 90 A2d 81 (1952) appears to be the authority most clearly applicable to the facts of this case. In Metzler, the eight-year-old plaintiff was insured under a student medical accident policy issued by the defendant which insured him against medical expense caused by accidental bodily injuries sustained:

"while going directly from home to school and directly from school to home."

The plaintiff left his school, which was located on the north side of Kossuth Street in Haledon, New Jersey, turned west and went approximately 150 feet, then turned left (south) and proceeded across Kossuth Street, the curb, sidewalk and another 25 feet to a residential dwelling under construction. While playing in the rafters of the house under construction, he fell and was injured. The Trial Court entered judgment for the plaintiff but the New Jersey Appellate Court reversed. The Appellate Court defined the issue as meaning of the word "directly," and consulting Webster's New International Dictionary, Black's Law Dictionary, Words and Phrases, and Corpus Juris Secundum, all of which, in effect, define the word "directly" to mean "in a direct manner; in a straight line; without deviation," etc., the court concluded at page 84:

> We find that the language of the insurance contract is clear and unambiguous and that there was no need for invoking the canons of construction; that the same could well have been enforced in accordance with its written word. In so holding, we find that Walter Metzler was not en route directly from school to home when the accident complained of occurred and a fortiori, not within the protection of the policy. Such interpretation is in harmony with the clear words of the contract and the apparent intent of the parties.

In Garrett v. Pilot Life Ins. Co., 241 SC 299, 128 SE2d 171 (1962), the policy insured against bodily injury caused by the accident occurring while:

> traveling directly between home and school for the purpose of attending or returning from regularly scheduled classes, but only if such travel occurs within one hour before the commencement of the days'

29

school session or within one hour after dismissal from school. . . .

Plaintiff, age 11, was dismissed from school at 11:45 a. m. He lived three blocks from the school. His father worked, so a Mrs. Evans, who lived three houses closer to the school than did the plaintiff, watched the plaintiff and his brother and sister until the father was able to pick them up. On the day of the accident, Garrett went to the Evans house and had a glass of lemonade, then started to play with a B-B gun and while so doing, injured himself. The accident happened within 45 minutes of the time he was dismissed from school. The Trial Court entered judgment for the defendant, and the Supreme Court of South Carolina affirmed, holding that the Trial Court's determination that the plaintiff had not been traveling directly home at the time of the accident was correct.

The argument of plaintiff is that the phrase "traveling directly home from school" is ambiguous and therefore must be interpreted by this court. We find that there is no ambiguity in the phrase. Plaintiff attempts to render the term "directly" by using it as an adverb of time, as in the expression "he will be coming along directly." Even under the guise of liberal construction, plaintiff should not be allowed to concoct an ambiguity. Furthermore, conceding again only for the sake of argument, the validity of plaintiff's reasoning, it is addressed to only one aspect of the case; namely, how it happened to take some fifty minutes for Jeffery Graser to travel about two blocks. The construction argued for by plaintiff does not even purport to explain or overcome the fact that Jeffery's accident happened west of the school, while his home is east of the school. As was stated in Lundquist v. Illinois Life & Acc. Ins. Co., 24 Ill App2d 316, 164 NE2d 293 (1960) at page 297:

30

The usual rule of liberal construction of ambiguous provisions of insurance policies in favor of the insured must yield to rules of reasonable construction, and such does not permit the straining of plain, unambiguous language to create a supposed ambiguity where none in fact exists; where the provisions are plain and certain there is no room for construction, and the language should be taken in its plain, ordinary, popular sense (citing cases).

In this case, we find Jeffery Graser was not proceeding directly home from school at the time of his accident as those words would be understood in their plain, ordinary, popular sense. We do not have to consider plaintiff's other contention that Jeffery was not traveling when he fell out of the tree.

The judgment is reversed and the cause remanded with directions to enter judgment for defendant and against plaintiff.

Judgment reversed and cause remanded, with directions to enter judgment for defendant and against plaintiff.

BRYANT, P. J. and BURKE, J., concur.