GRACE FRYER, BY HER NEXT FRIEND, AND WILLIAM S.
FRYER v. MOUNT HOLLY WATER COMPANY.

Argued February 16, 1915—Decided March 29, 1915.

An action brought by a father to recover for the loss of the services
of his daughter, and the expenses incurred in restoring her to
health, is not an action "accruing for injuries to persons caused
by the wrongful act, neglect or default of any person or persons,"
and the limitation of the actions described in section 3 of our
statute of limitations (*Comp. Stat., p.* 3162) is not a bar to
such an action.

On motion to strike out answer.

Before Justices TRENCHARD, BERGEN and BLACK.

For the plaintiff, *Davis & Davis.*

For the defendant, *Claude Palmer.*

The opinion of the court was delivered by

BERGEN, J.   This action was brought to recover damages
which Grace Fryer, an infant, suffered, because, as she alleges,
the defendant, engaged in the business of furnishing water
for domestic use, and for a consideration undertaking to
supply water which would be reasonably pure and whole-
some, negligently performed its undertaking so that she con-
tracted a disease resulting from the furnishing of impure
water, and also by William S. Fryer, her father, as joint
complainant, for the loss of the services of his daughter, and
for money expended to restore her to health.   That part of
the complaint which relates to the claim of the father is as
follows: "and thereupon the said defendant was under a
duty to furnish the said William S. Fryer and his family
water which would be reasonably pure and wholesome and
fit for domestic purposes, and reasonably free from pollution,
filth and infection, so that persons using said water for drink-

ing and domestic purposes should not contract disease there-from," and claiming damages for the loss of the services of his daughter, and money expended to restore her to health, because of the neglect of the defendant to furnish reasonably pure and wholesome water which resulted in the contraction by the daughter of typhoid fever therefrom.   To so much of the complaint as relates to the claim of the father, the defendant replied by denying that it was the duty of the defendant to furnish reasonably pure and wholesome water, in the words of the averment of duty set out in the complaint, and second, that the action was barred by the statute of limitations.   The plaintiff moves to strike out the foregoing answers.   As to the first answer objected to, the declaration contains a superfluous statement concerning the duty of the defendant, and the answer denies that the duties set up in the complaint existed, which was an unnecessary averment; all the plaintiff was bound to do was to state facts which permit the inference of a lawful duty, and the presence in the complaint of an averment that a duty existed, will be treated as surplusage (*Millville Gas Light Co.* v. *Sweeten,* 75 *N. J. L.* 23), and all the defendant is required to do is to deny the existence of such facts, and so much of the answer as denies the duty may also be treated as surplusage.   The motion to strike out this part of the answer cannot prevail and to that extent this motion must be denied.   The plaintiff also moves to strike out so much of the answer as sets up that the "cause of action stated in the said complaint as to the plaintiff, William S. Fryer, did not accrue within two years next before the commencement of this action."   This answer is based upon section 3 of "An act for the limitation of actions" (*Comp. Stat., p.* 3162), which provides that all actions "accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons * * * shall be commenced and instituted within two years next after the cause of said action shall have accrued and not afterwards."   The complaint shows that this action was instituted more than two years after the injuries were

suffered by the daughter. The plaintiff urges, as a reason for striking out this answer, that the father's suit is not for injuries to his daughter, but for the loss of services and other expenses resulting from the injury to her, and that this statute of limitations is not applicable to his claim. We think this point well taken and that this statute applies only to an action by the person injured, or on his behalf, for damages resulting to him from the wrongful act of the defendant. The right of the father to recover is based upon a violation of his property rights, and this statute of limitations should not be extended beyond that resulting from a strict construction thereof. The action to which the statute relates is one "for injuries to persons" and not to the consequences which another may suffer because of such injuries. It is our opinion that the statute set up in the answer as a bar is not applicable to that part of the complaint to which it is interposed, and therefore it should be stricken out. As each of the parties have succeeded in part, no costs will be allowed.