61 N.J. Super. 36 (1960)
160 A.2d 165
TIMOTHY HIGGINS, AN INFANT, ETC., PLAINTIFF, AND CHARLES A. HIGGINS, PLAINTIFF-APPELLANT,
v.
WILLIAM A. SCHNEIDER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 29, 1960.
Decided April 12, 1960.
*37 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Stanley W. Greenfield argued the cause for appellant.
Mr. Edward C. Hillis argued the cause for respondent (Messrs. Marley, Winkelried & Hillis, attorneys; Mr. Joseph A. Horowitz, of counsel).
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff Charles A. Higgins appeals from a judgment of the Law Division, striking the second count of a two-count complaint filed by him both as guardian ad litem for his minor son, Timothy Higgins, and in his own right as father of the infant plaintiff.
In the first count of the complaint, filed on July 9, 1958, the infant plaintiff sought damages for personal injuries sustained on July 8, 1956 when he was struck by the automobile of defendant, William A. Schneider. Charles A. Higgins, in the second count of the complaint, sued for *38 medical expenses and loss of his son's services as a result of injuries sustained by the latter. In his answer, defendant asserted that the father's cause of action, as alleged in the second count of the complaint, was barred by virtue of the limitations imposed by N.J.S. 2A:14-2 since the complaint was filed more than two years after the date of the accident.
A motion by defendant for summary judgment on the second count of the complaint was granted by Judge Barger, sitting in the Law Division, on the ground that the parent's cause of action was barred by the statute of limitations. Plaintiff Charles A. Higgins, appeals to this court from said determination.
N.J.S. 2A:14-2 reads as follows:
"Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."
The cause of action of the infant plaintiff arising out of the accident of July 8, 1956 unquestionably is not barred by the statute of limitations. The running of the statute is stayed as against the infant during his minority and for two years thereafter. N.J.S. 2A:14-21. Prior to the decision of our Supreme Court in Rex v. Hutner, 26 N.J. 489 (1958), it had been held that the two-year statute of limitations, dealing with personal injuries, did not apply to a parent's suit to recover damages for loss of services and medical expenses resulting from an injury to his minor child. Fryer v. Mount Holly Water Co., 87 N.J.L. 57 (Sup. Ct. 1915); Wagner v. Machetto, 7 N.J. Super. 547 (Cty. Ct. 1950); Whalen v. Young, 28 N.J. Super. 543 (Law Div. 1953). The courts held that the two-year statute of limitations, as now set forth in N.J.S. 2A:14-2, supra, applied only to an action by the person injured, or on his behalf, for damages resulting to him from the wrongful act of the defendant. The action of the parents, according to *39 those cases, was based upon a violation of their property rights, and was thus governed by the six-year statute of limitations set forth in N.J.S. 2A:14-1.
In the Rex case, supra plaintiff husband sought to recover consequential damages for the medical expenses incurred by him and for the loss of services of his wife occasioned by the alleged failure of defendant properly to perform and render medical services to the wife. The action therein was instituted more than two years from the date when the wife's personal injuries were sustained, and her cause of action concededly was barred by reason of the limitations of N.J.S. 2A:14-2. By virtue of the authority of the Fryer line of cases cited, supra, the husband in Rex contended that his per quod action was based upon an injury to his property rights and that it therefore was controlled by N.J.S. 2A:14-1 which permits an action to be brought within six years after the cause of action has accrued. In rejecting his position, the Supreme Court held that the phrase "for an injury to the person," as used in N.J.S. 2A:14-2, must be construed to mean "an action for damages by reason of an injury to the person," and at page 492 (26 N.J.) declared:
"The language of the statute is not restricted to actions for damages by reason of any injury to the person who sustains the physical injury. Viewed in this light, the statute not only applies to the action for damages by the wife by reason of an injury to her person but also encompasses the action for consequential damages by the husband, whose action is only maintainable by reason of an injury to the person  the person of his wife."
The Supreme Court did not arrive at its conclusion by holding that the husband's cause of action was simply a derivative right and thus necessarily governed by the same statute of limitations applying to the wife's cause of action. The holding in Rex was based solely on the court's interpretation of the language "injury to the person" contained in N.J.S. 2A:14-2, and its conclusion that that phrase comprehends an action for consequential damages by a husband, *40 arising out of injury to the person of the wife. This is clearly indicated by the following language of the opinion, at page 492:
"Accordingly, we hold that a husband's action for consequential damages resulting from an injury to his wife is an action `for an injury to the person' within the meaning of N.J.S. 2A:14-2 and, since the plaintiff's action was not commenced within the two year period specified therein, it is barred."
To the extent that the prior New Jersey cases held that the two-year limitation in N.J.S. 2A:14-2 applied only to an action by the person injured, and that a suit for consequential damages resulting from personal injuries sustained by another was based on a property right and not one for "an injury to the person," they were expressly overruled in Rex, and the above reasoning therefore applies to a consequential cause of action of a parent as well as to that of a husband. The court so expressly indicated (26 N.J., at page 494), referring to the Fryer, Wagner and Whalen cases:
"However, to the extent that these cases hold that the two-year limitation in N.J.S. 2A:14-2 applies only to an action by the person injured, and that suits for consequential damages resulting from personal injuries sustained by another is one based on a property right and not one for `an injury to the person,' they are inconsistent with our construction of the statute and are overruled."
It is true that the court in Rex distinguished the Fryer line of cases on the ground that at the time the parents' suits therein were instituted, the two-year statute of limitations had not run against the infants' claim, the operation of the statute being suspended because the infants were under a statutory disability (26 N.J., at page 494). We read this expression, however, merely as a notation of a factual distinction between the case then before the court and the prior cases, as is evidenced by the succeeding sentence at page 494 quoted above, which represents the sole actual holding of the case.
*41 It is obvious that the court in Rex did not intend by its point of distinction of the Fryer line of cases, just noted, a deliberate or considered determination that a parent's, as well as an infant's, cause of action was entitled to the benefit of the provision of N.J.S. 2A:14-21 which tolls the statute of limitations only in the case of a minor or an insane person. In short, the Rex case stands for nothing more, in the parent-infant context, than that an action for consequential damages by a parent is an action for "an injury to the person" and must be commenced within two years after the cause of action has accrued.
The question posed by the instant case is whether or not the extension of the limitation period provided by N.J.S. 2A:14-21 because of infancy or insanity can be applied to the parent's cause of action as well as to the infant's. This precise question has not yet been directly passed upon by any decision of this State.
In a somewhat analogous case the Law Division has stated that:
"The father's right of action is not for the injury to the infant plaintiff, but for the injury to the parent as a consequence of the injury to the child." Trevorrow v. Boyer, 52 N.J. Super. 215, 218 (1958).
There the court, citing Maccia v. Tynes, 39 N.J. Super. 1 (App. Div. 1956) and Kimpel v. Moon, 113 N.J.L. 220 (Sup. Ct. 1934), further declared that the right of a parent to the service of an infant injured in an accident and to reimbursement for medical expenses incurred by him on behalf of the child is not derivative, but independent and separate from that of the child. Also see Blanken v. Braslow, 130 N.J.L. 475 (Sup. Ct. 1943); Prosser on Torts, 702, 703 (2d ed. 1955); cf. Danek v. Hommer, 9 N.J. 56, 60 (1952). Trevorrow, supra, involved a personal injury action by a minor through her father as guardian ad litem and by her father individually for consequential damages. The father failed to file a required notice within 90 days of the accident *42 with the Unsatisfied Claim and Judgment Board, and the court therefore denied his application for an order directing the Treasurer of the State of New Jersey to pay his judgment. On the other hand, the court held that since an infant was involved, her notice was timely so long as it was filed within 90 days of the commencement of the suit on her behalf by her guardian ad litem. The court gave tacit approval of a statement by Mr. Justice Heher in Giles v. Gassert, 23 N.J. 22, 34 (1956) that,
"[D]ependent minor children could not be barred of their right to invoke the benefit of the Fund by a failure of notice."
Hence Trevorrow additionally demonstrates that the parent's cause of action is not derivative but separate and independent. Furthermore, it provides an example of a New Jersey case where the father's claim was barred by the passage of time, but the infant's claim was not. The father could not claim the benefit of the privilege extended to the infant simply because she was an infant.
The following proposition is enunciated in 54 C.J.S. Limitations of Actions § 235, p. 265 (1948):
"The rule suspending the statute of limitations during minority is exclusively for the benefit of minors. * * *" (Emphasis supplied)
The New York courts have uniformly held that an infant's action for personal injuries and his parent's action for loss of services and medical expenses, while springing from the same wrong, are separate causes of action predicated upon different rights, and that since the parent's action is an independent one, the tolling of the statute founded upon the infant's disability to sue does not inure to the benefit of the parent. Bernal v. Baptist Fresh Air Home Society, 300 N.Y. 486, 88 N.E.2d 720 (Ct. App. 1949); Pitrelli v. Cohen, 257 App. Div. 845, 12 N.Y.S.2d 71 (Sup. Ct. 1939); Caulston v. Rosenfeld, 175 Misc. 479, 23 N.Y.S.2d *43 909 (Sup. Ct. 1950); Ballantine v. Ahearn, 170 Misc. 651, 10 N.Y.S.2d 937 (Sup. Ct. 1939); Constantinides v. Manhattan Transit Co., 264 App. Div. 147, 34 N.Y.S.2d 600 (Sup. Ct. 1942); Francies v. County of Westchester, 3 A.D.2d 850, 161 N.Y.S.2d 501 (Sup. Ct. 1957).
The appellant strongly urges that the ruling of the trial court is contrary to public policy because, in cases where an infant's injuries are such that their permanency cannot be determined until after the two-year period of limitations, and therefore institution of suit prior to the two years would be undesirable, the parent-guardian is in the dilemma of either losing his own claim for consequential damages by withholding both suits, or instituting and trying two separate suits, i.e., his own, filed prior to the running of the statute, and the infant's, filed later. However, the privilege extended to the infant by the statute  that of tolling the statute during infancy  is based upon an entirely different public policy, i.e., the protection of the rights of a person non sui juris. This court cannot construe the legislative intention effectuated by the statute upon the basis of an entirely extraneous supposed public policy which the Legislature has not seen fit to recognize in the statute. The argument on that ground should be addressed to the Legislature, not the courts.
We therefore conclude that the cause of action of plaintiff Charles A. Higgins, though consequential, is a separate and independent cause of action from that of his infant son; his consequential cause of action is governed by the provisions of N.J.S. 2A:14-2; since he is neither an infant nor an insane person, the saving features of N.J.S. 2A:14-21 do not inure to his benefit. The tolling feature of N.J.S. 2A:14-21 based upon the disability of the infant is of a personal character, and can only be set up by the infant and his representative. Den ex dem. Watson v. Kelly, 16 N.J.L. 517, 524 (Sup. Ct. 1838). Hence the cause of action of plaintiff Charles A. Higgins was subject to the limitations of N.J.S. 2A:14-2, should have been instituted *44 within two years from the occurrence of the accident, and is now barred by limitations.
Affirmed.
FREUND, J.A.D. (dissenting).
The issue is whether a parent's claim for loss of services of his infant child and medical expenses resulting from injuries caused by defendant's negligent operation of an automobile and set forth in a joint complaint for damages on behalf of the infant is barred because suit was instituted two years and one day after the accident, even though the infant's claim is not barred by the statute of limitations. My colleagues say that it is. They say that the decision in Rex v. Hutner, 26 N.J. 489 (1958), leads to the conclusion that an action for consequential damages by a parent is an action for "an injury to the person" which must be commenced within two years after the accident, N.J.S. 2A:14-2; that the saving features of N.J.S. 2A:14-21 are for the benefit of the infant alone and do not inure to the parent's benefit.
The case of Fryer v. Mount Holly Water Co., 87 N.J.L. 57 (Sup. Ct. 1915), and those following it hold to the contrary and I cannot agree that Rex v. Hutner completely overruled them. The cases are sharply distinguishable and the Supreme Court in Rex v. Hutner specifically noted the distinctions. The Rex case concerned a husband's claim for loss of his wife's services and medical expenses by reason of personal injuries sustained by her. He brought suit more than two years after her cause of action arose and when it was concededly barred by the statute of limitations. In affirming the dismissal of his complaint, the Supreme Court said:
"The trial court dismissed the husband's claim on the ground that it `cannot rise above the claim of his wife, Helen Rex, his claim being incidental to the main claim.'

* * * * * * * *
* * * Where a personal injury is wrongfully inflicted upon the wife she must sue within two years. No plausible reason is suggested why a husband who sues for consequential damages arising *45 out of that injury should be allowed three times as long before asserting his claim. Accordingly, we hold that a husband's action for consequential damages resulting from an injury to his wife is an action `for an injury to the person' within the meaning of N.J.S. 2A:14-2 and, since the plaintiff's action was not commenced within the two year period specified therein, it is barred." (26 N.J., at pages 490, 492)
The Fryer case involved the claim of a parent for loss of services and medical expenses resulting from an injury to his minor child. Suit was brought more than two years after the child's injury was sustained but before the statute of limitations had run against the infant's claim, and the court held that the parent's claim was not barred by the two-year limitation. The facts here are identical with those in the Fryer case. Here, the child's cause of action is not barred. The infant plaintiff sustained his injury on July 8, 1956, and on July 9, 1958, two years and one day after the accident, a two-count complaint was filed  the first count on behalf of the infant for his injury, and the second by the parent for his consequential damages. On defendant's motion, the parent's count was dismissed on the ground that his claim was barred by the two-year statute of limitations. That the Supreme Court in Rex v. Hutner did not intend to overrule that principle of the Fryer case which is of present significance is apparent, it seems to me, from the following:
"These cases [Fryer, supra; Wagner v. Machetto, 7 N.J. Super. 547 (Cty. Ct. 1950), and Whalen v. Young, 28 N.J. Super. 543, 552 (Law Div. 1953)], may be distinguished on the ground that at the time the parent's suit was instituted the two-year statute of limitations had not tolled against the infant's claim, the operation of the statute being suspending because the infant was under a statutory disability. N.J.S. 2A:14-21; R.S. 2:24-4." (26 N.J., at page 494)
If the Supreme Court intended to overrule the underlying principle of the Fryer case, which had long been regarded as accepted law, it would have done so. That it did not is implicit, I believe, from the distinction between the cases *46 which the court itself marked. The allusion to the distinction suggests that the Supreme Court found no apparent basis for disagreeing with the concept that the protection afforded the child by reason of his infancy was to extend to the parent's claim so long as it was advanced at the same time as the child's. The fault which the Supreme Court in the Rex case found with Fryer was the classification or characterization of the basis for the consequential claim as a "property" right, and there was no expression of disapproval of the Fryer result, but rather an implied endorsement thereof. This conclusion is also based on the following qualifying limitation of the court's overruling of Fryer:
"However, to the extent that these cases [Fryer, etc.] hold that the two-year limitation in N.J.S. 2A:14-2 applies only to an action by the person injured, and that suits for consequential damages resulting from personal injuries sustained by another is one based on a property right and not one for `an injury to the person,' they are inconsistent with our construction of the statute and are overruled." (Emphasis supplied) (26 N.J., at page 494)
Moreover, the majority's opinion fails to comport with the basic rationale of the Rex case that the consequential damages of the spouse are such that it is just to have the same period of limitations apply to the party consequentially injured as to the party directly injured. As the court properly said in the Rex case, there is no plausible reason to permit a husband, whose claim for consequential damages depends upon and is incidental to the wife's cause of action for tort, to maintain an action when his wife who suffered the physical injury is barred by limitations. The right of the consequential-damage claimant ought not to rise higher than that possessed by the holder of the primary claim. Rex v. Hutner held that the actions of both the husband and wife, having their origin in the same operative facts, must be commenced within the same period of time. 26 N.J., at page 492.
The husband thus does not have a longer period than his wife for the commencement of action  but neither does he *47 have a shorter one. His limitation is co-extensive with hers and his right to recover is dependent upon her right to recover. To confer upon the consequential-damage claimant, be he husband or parent, a lesser period to commence the action presents just as anomalous a condition of law as to permit him a longer one. In the case of the parent, the inequity is even more plainly exhibited, for to the extent that the parent is permitted to recover the estimated cost of prospective medical treatment, the infant will be the ultimate beneficiary of the judgment. Although the parent has title to, and custody and management of, the proceeds of the action, he is duty-bound to apply them to the infant's expenses as they are incurred. To this extent at least the tortfeasor's position as against the father should be no stronger than as against the minor. Compare New York law on this element of the respective causes of action as established in Clarke v. Eighth Avenue R.R. Co., 238 N.Y. 246, 144 N.E. 516, 37 A.L.R. 1 (Ct. App. 1924), with what has been termed the "majority rule" exemplified by 3 Restatement, Torts, § 703, comment h.
The claim for loss of services which a father has by reason of the tortious injury inflicted upon his child is an "action for damages, per quod servitium amisit, pertain[ing] to the relation of master and servant, and not to the mere relation of parent and child." Callaghan v. Lake Hopatcong Ice Co., 69 N.J.L. 100, 102 (Sup. Ct. 1903). "The father has such right because he has the correlative duty of supporting the child until the latter reaches the age of twenty-one years and this duty is enforceable by statute." Corcione v. Zingerman, 111 N.J.L. 75, 80 (E. & A. 1933). The loss-of-services aspect of the claim is brought pursuant to statute. N.J.S.A. 9:1-1.
For tortious injury to a minor child, there are two distinct causes of action: one for the injury to the child, and the other for the invasion of the parent's interest in losing such services as he is legally entitled to require until the child reaches majority, and in incurring medical expenses *48 in caring for the child's injury. 1 Harper & James, The Law of Torts (1956), § 8.8, at p. 634; Prosser, Torts (2d ed. 1955), § 104, p. 698. These are separate causes of action predicated upon the invasion of different interests of different persons and in that sense, it is said, the parent has a cause of action independent of the child's. Maccia v. Tynes, 39 N.J. Super. 1 (App. Div. 1956). However, the parent's claim for loss of services and medical expenses springs from the same tortious act that inflicted injury upon the child and, in that sense, the parent's action is regarded as "derivative." It is therefore clear that the claims are "independent" or "separate" in certain respects, but "dependent" or "incidental" in others, and that the classification cannot be an immutable one, of service in every instance where the relationship between the respective claims is involved. It is better to limit debate to whether the parent's action is independent or dependent for purposes of the statute of limitations. On that subject, although there is conflict in other states as to whether the expiration of the statute of limitations against the child's claim will bar the parent's, i.e., the converse of the instant situation  compare 3 Restatement, Torts, § 703, comment b, with Prosser, op. cit., supra, p. 702, text at n. 41  nevertheless in this jurisdiction Rex v. Hutner cogently implies that the consequential claim is to be regarded as dependent.
There is no just reason why a parent of an unemancipated minor child, to whose services he is entitled throughout the period of minority and for whom he is under a continuing obligation to provide medical care, should be precluded from asserting his claim against the tortfeasor so long as the claim of the injured child is not barred. Certainly no such reason, if any at all, is offered in the New York cases cited in the majority opinion. The injustice of barring the consequential claim is accentuated considering that the wrong to the parent  in terms of loss of services and expenses  is not necessarily or fully inflicted *49 at the time of the defendant's tortious act. Cf. Annotation, 173 A.L.R. 750 (1948).
On the other hand, however, there are significantly just, plausible and practical grounds for adhering to the concept of the Fryer case to the extent it has not been overruled. In almost every instance where suit on behalf of a child is brought for tortious injury, it is joined by the parent's claim. There are one complaint, one proceeding and one trial, and the verdicts on each claim must be consistent in this jurisdiction except in a case where the parent is contributorily negligent. If the two-year limitation is held to govern the parent's action, one of two consequences will ensue. One is that suit will be brought by the parent alone within the two-year period and another brought by or on behalf of the infant at a later time. This means two complaints, two proceedings, two trials, and the verdict of the second jury need not be consistent with that of the first according to most authorities. It is true that the contrary ruling in this case will not entirely eliminate the problem of two trials since the claims can be separately litigated within the two-year period in any event, but the problem presently exists to a much less aggravated degree.
The other consequence is that the infant's suit will be joined with the parent's and therefore brought within two years of the wrongful act, with the result that the statutory policy of suspending the statute of limitations for infants, N.J.S. 2A:14-21, will be pro tanto defeated.
It will serve no useful purpose to refer to cases in other jurisdictions. We, as an intermediate appellate tribunal, are concerned with the interpretation of the effect of the decision in Rex v. Hutner upon the facts in Fryer v. Mount Holly Water Co. and therefore upon the facts in the instant case. In my opinion, the Supreme Court has not overruled the principle that the cause of action of a parent for loss of services of an unemancipated minor child and for medical expenses arising from tortious injury to the child is not *50 barred by the two-year statute of limitations, N.J.S. 2A:14-2, if the child's cause of action is not barred.
Accordingly, I would reverse the judgment dismissing the father's complaint and would allow the case to proceed to trial on its merits.