# 2007 DTA 103

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMON
PANEL V**

IVÁN A. RODRÍGUEZ GONZÁLEZ, ELIZABETH L. GEIGEL TORRES, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, VANIEL Y RODRÍGUEZ GEIGEL, IVONNE E. RODRÍGUEZ GEIGEL, REPRESENTADAS POR SUS PADRES IVÁN A. RODRÍGUEZ GONZÁLEZ Y ELIZABETH L. GEIGEL TORRES CON PATRIA POTESTAD Y CUSTODIA SOBRE ELLAS
Demandantes-Apelados

v.

HÉCTOR L. NIEVES VÁZQUEZ, LINA RIVERA DE NIEVES, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, UNIVERSAL INSURANCE COMPANY
Demandados-Apelantes

HÉCTOR L. NIEVES VÁZQUEZ, LINA RIVERA DE NIEVES POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, EL MENOR RAFAEL NIEVES RIVERA, REPRESENTADO POR SUS PADRES CON PATRIA POTESTAD HECTOR L. NIEVES VÁZQUEZ, LINA RIVERA DE NIEVES
Reconvenientes-Apelantes

Núm. KLAN-2006-01439

San Juan, Puerto Rico, a 16 de agosto de 2007

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces Soler Aquino y Vizcarrondo Irizarry

Vizcarrondo Irizarry, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece el Sr. Héctor L. Nieves, *et. al.*, en adelante reconveniente-apelante, y nos solicita la revisión de la Sentencia dictada por el Tribunal de Primera Instancia, en adelante T.P.I., Centro Judicial de Bayamón, Sala Superior, en el Caso Civil Núm. DDP 2003-0316 (503), *Iván Rodríguez González, et al. v. Héctor Nieves Vázquez, et al.*, la cual fue dictada el 3 de octubre de 2006 y archivada en autos el 9 de octubre siguiente. La misma declara Ha Lugar la demanda incoada por el Sr. Iván A. Rodríguez González, *et. al.*, en adelante demandantes-apelados, y condena a los demandados a resarcir a los demandantes-apelados sus daños materiales, físicos y morales según la distribución efectuada en dicha Sentencia.

Por los fundamentos que exponemos a continuación, se CONFIRMA la Sentencia Apelada. Veamos:

## I

La parte demandante-apelada presentó demanda el 13 de noviembre 2003 reclamando daños y perjuicios. Alegó, en síntesis, que el 20 de mayo de 2003 en la Carretera 6690 frente al Condominio Royal Palm en el Barrio Breñas de Vega Alta ocurrió un accidente automovilístico cuando el vehículo propiedad del reconveniente-apelante, y conducido por éste en dirección de Norte a Sur, al hacer un viraje indebido invadió el carril, dando lugar a que fuera impactado por el lateral izquierdo, parte delantera, con la parte frontal del vehículo marca BMW, modelo 525, año 1992 conducido por la co-demandante-apelada Vaniely Rodríguez Geígel, la cual transitaba en la misma dirección. Al momento del accidente, las demandantes-apeladas Vaniely e Ivonne Rodríguez Geigel eran menores de edad, siendo sus padres con patria potestad y custodia Iván A. Rodríguez González y Elizabeth L. Géigel Torres.

Tras la llegada de sus padres a la escena del accidente, dichas menores fueron socorridas. Como consecuencia del accidente, Vaniely sufrió quemaduras en un brazo, golpes en el pecho y abdomen y recibió tratamiento en el CDT de Vega Alta y en el Hospital Auxilio Mutuo. Por su parte, Ivonne sufrió trauma en la espalda por lo que fue atendida en el CDT de Vega Alta y en el Hospital Auxilio Mutuo.

La reconveniente-apelante Lina Rivera, por sí y en representación de la Sociedad Legal de Gananciales, fue emplazada el 17 de enero de 2004. El reconviniente-apelante Héctor L. Nieves Vázquez por sí y en representación de la Sociedad Legal de Gananciales fue emplazado el 21 de enero de 2004.

El 25 de febrero de 2004, los demandantes-apelados presentaron una Moción Solicitando Anotación de Rebeldía. En esa misma fecha, el Tribunal de Primera Instancia concedió una prórroga solicitada por los reconvenientes-apelantes y declaró Sin Lugar la solicitud de anotación de rebeldía. Así las cosas, el 17 de mayo de 2004, los demandantes-apelados presentaron otra Moción Solicitando Anotación de Rebeldía. Véase Apéndice Núm. 1, pág. 1-2, parte demandante-apelada; Apéndice 16, pág. 52, parte reconveniente-apelante. Con relación a esa moción, el 24 de junio de 2004, el T.P.I. emitió una orden, notificada el 28 de junio de 2004, anotando la rebeldía a los reconvenientes-apelantes. Véase, Apéndice 2, págs. 3-4, parte demandante-apelada, Apéndice 15, pág. 50, parte reconveniente-apelante. El 23 de septiembre de 2004, los demandantes-apelados presentaron una Moción Solicitando Vista en Rebeldía. El 24 de septiembre de 2004, los reconvenientes-apelantes comparecieron mediante abogado y solicitaron prórroga para alegar. Véase, Apéndice 3, págs. 5-6, parte demandante-apelada, Apéndice 19, pág. 60, parte reconveniente-apelantes. El 1 de octubre de 2004, notificada el 5 de octubre de 2004, el T.P.I. emitió una orden señalando la vista en rebeldía para el 7 de diciembre de 2004. Véase, Apéndice 4, págs. 7-9 parte demandante-apelada, Apéndice 13, pág. 45 parte reconveniente-apelante.

El 14 de octubre de 2004, el T.P.I. emitió una orden autorizando a la Lcda. Evelyn A. De Jesús, asumir la representación legal de los reconvenientes-apelantes e indicó el señalamiento del 7 de diciembre de 2004. Véase, Apéndice Núm. 5, págs. 10-12 parte demandante-apelada, Apéndice 19, pág. 60 parte reconveniente-apelante.

A la vista en rebeldía, los reconvenientes-apelantes comparecieron por derecho propio e indicaron que no se encontraban preparados para juicio. El tribunal les concedió hasta el 31 de enero de 2005 para conseguir representación legal. Quedó señalada vista transaccional para el 10 de febrero de 2005. Véase Apéndice Núm. 6, págs. 13-14, parte demandante-apelada, Apéndice 11, pág. 38 parte reconveniente-apelante.

El 10 de febrero de 2005, los reconvenientes-apelantes comparecieron representados por la Lcda. Evelyn A. De Jesús Rodríguez. La representación legal de los reconvenientes-apelantes indicó que no estaba preparada para la vista. Quedó reseñalado el juicio en rebeldía para el 15 de junio de 2005. Véase Apéndice Núm. 7, págs. 15-16, parte demandante-apelada, Apéndice 8, Pág. 29, parte reconveniente-apelante. Con posterioridad, el 13 de abril de 2005, los demandantes-apelados presentaron una Moción Solicitando Transferencia de Vista, la cual fue concedida por el T.P.I. y señalada para el 7 de septiembre de 2005.

El 22 de agosto de 2005, los reconvenientes-apelantes presentaron una Moción en Solicitud de Posposición de Juicio. El T.P.I. emitió una orden reseñalando para el 10 de marzo de 2006. Véase Apéndice Núm. 8, Pág. 17-18, parte demandante-apelada, Apéndice 6, pág. 24, parte reconviniente-apelante. Cercana la fecha dictada el 8 de marzo de 2006, los reconvenientes-apelantes presentaron una Segunda Moción de Suspensión de Juicio por motivos de enfermedad. Véase Apéndice Núm. 9, pág. 19, parte demandante-apelada, Apéndice Núm. 8, pág. 20, parte reconveniente-apelante. El T.P.I. emitió una orden reseñalando el juicio para el 16 de agosto de 2006. Véase Apéndice Núm. 10, págs. 20-21, parte demandante-apelada, Apéndice Núm.8, Pág. 29, parte reconveniente-apelante. El 16 de agosto de 2006, la parte reconveniente-apelante radicó en la secretaria del tribunal Contestación a la Demanda, Reconvención y Demanda contra Tercero, la cual fe entregada a la parte demandante-apelada en corte abierta.

La parte demandante-apelada objetó la presentación tardía de la contestación a la demanda, reconvención y demanda contra tercero. Además, planteó en corte abierta que la presentación de las referidas mociones era tardía, la parte reconveniente-apelante replicó y el T.P.I. no la permitió.

El 3 de octubre de 2006, el T.P.I. dictó la Sentencia apelada y archivada en autos copia de la notificación el 9 de octubre de 2006, en la misma se declara CON LUGAR la demanda en todas sus partes y se condena a los demandados a resarcir a los demandantes las siguientes sumas:

"- A la demandante Vaniely Rodríguez Géigel, por todos sus daños, incluyendo físicos y morales, la suma de $5,000.00.

- A la codemandante Ivonne Rodríguez Géigel por todos los daños físicos y morales, la suma de $3,000.00.

- Al codemandante Iván Rodríguez González, por todos sus daños, la suma de $2,000.00.

- A la codemandante Elizabeth Géigel Torres, por todos sus daños la suma de $3,000.00.

- Se impone al demandado la suma de $2,000.00 en honorarios de abogados más las costas y desembolsos incurridos por los demandantes en el litigio, así como intereses legales desde la fecha de la radicación de la demanda."

El 30 de octubre de 2006, la parte demandante-apelada presentó Moción Solicitando que se Enmiende Sentencia "Nunc Pro Tunc". Así las cosas, el 14 de noviembre de 2006, el T.P.I. dictó Sentencia Enmendada

"*Nunc Pro Tunc*", la cual fue notificada el 29 de noviembre de 2006. Véase Apéndice Num. 12, págs. 23-28, parte demandante-apelada.

El 8 de noviembre de 2006, los reconvenientes-apelantes presentaron un Recurso de Apelación. El 29 de noviembre de 2006, el Tribunal Apelativo emitió una Resolución, notificada el 5 de diciembre de 2006, ordenando a la parte demandante-apelada a presentar su Alegato en Oposición a la Apelación. La parte demandante-apelada solicitó un término adicional para presentar su alegato, el cual fue concedido por este foro apelativo y sometido el 29 de enero del 2007.

Los reconvenientes-apelantes comparecen ante nosotros y presentan los siguientes señalamientos de error:

"*1) Erró el TPI al declarar con lugar la demanda radicada debido a que las conclusiones de hechos no están sustentadas con la prueba desfilada.*

*2) Erró el TPI al declarar Con Lugar la demanda radicada debido a que el conjunto de contradicciones de los testigos sobre hechos materiales a la reclamación hacen los testimonios inverosímiles y exagerados y estos no estaban sustentadas en prueba documental que corrobore los mismos, causando errores manifiestos en la apreciación de la prueba.*

*3) Erró el TPI al no permitir la demanda del menor de edad Rafael Nieves Rivera contra los aquí apelados-demandantes.*

*4) Erró el TPI al no permitir la contestación a la demanda ni la reconvención de Héctor Nieves Vázquez y Lina Rivera.*"

## II

### 1. Deferencia Judicial:

Es norma claramente establecida que en ausencia de error manifiesto, pasión, prejuicio o parcialidad, no se intervendrá a nivel apelativo con las determinaciones de hechos y adjudicación de credibilidad del tribunal de instancia por el juzgador de los hechos. *Trinidad v. Chade*, 153 D.P.R. 280 (2001); *Colón y otros v. K-Mart y otros*, 154 D.P.R. 510 (2001); *Mun. de Ponce v. A.C. et al.*, 153 D.P.R. 1 (2000); *Monllor Arzola v. Soc. de Gananciales*, 138 D.P.R. 600 (1995).

En consideración a lo anterior, un foro apelativo no puede sustituir por sus propias apreciaciones, basadas en un examen del expediente del caso, las determinaciones tajantes y ponderadas del foro de instancia. *Argüello v. Argüello*, 155 D.P.R. 62 (2001). La adjudicación de credibilidad del tribunal sentenciador es merecedora de gran deferencia por parte del tribunal apelativo por cuanto es ese juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada, ya que él fue quien oyó y vio declarar a los testigos. *Pueblo v. Bonilla Romero*, 120 D.P.R. 92 (1987).

### 2. Alegaciones, Reconvenciones y Término para Contestar:

Nuestro ordenamiento procesal civil clasifica las alegaciones que se permitirán en el mismo. A tales efectos, la Regla 5.1 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. III, R. 5.1, establece que se permiten las siguientes alegaciones:

"*Una demanda y una contestación; una reconvención y una réplica a la misma; una demanda contra coparte y una contestación a la misma; una demanda contra tercero, si una persona que originalmente no era una de las partes es emplazada de acuerdo con lo dispuesto por la Regla 12; y una contestación de dicho*

313

*tercero si éste hubiere sido emplazado. No se permitirá ninguna otra alegación, pero el tribunal podrá exigir que se presente una réplica a una contestación o a una contestación de tercero."*

La Regla 11 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. III, R. 11.1., define, entre otras cosas, las clases de reconvenciones que pueden instarse en un pleito.

La llamada reconvención compulsoria se recoge en la Regla 11.1, *supra*, de la siguiente manera:

*"Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, omisión o evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Sin embargo, no será necesario incluir dicha reclamación mediante reconvención, si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente."*

La reconvención permisible se recoge en la Regla 11.2 de Procedimiento Civil, *supra*, al disponer que *"[u]na alegación podrá exponer como reconvención contra una parte adversa cualquier reclamación que no surja del acto, omisión o evento que motivó la reclamación de dicha parte"*.

En una reconvención se puede o no disminuir o hacer inefectiva la reclamación de la parte adversa. También en una reconvención se puede reclamar remedio por una cantidad mayor o de naturaleza diferente a lo solicitado por la parte adversa en su alegación. Regla 11.3 de Procedimiento Civil, *supra*.

Otras clases de reconvenciones existentes en nuestras reglas procesales son: la reconvención por alegación suplementaria y la reconvención omitida. La primera está recogida en la Regla 11.5 de Procedimiento Civil, *supra*, y la segunda en la Regla 11.6 de Procedimiento Civil, *supra*.

Se da una reconvención omitida *"cuando la parte que hace una alegación deja de formular una reconvención por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia, dicha parte podrá, con permiso del tribunal, formular la reconvención mediante enmienda."* Véase, Regla 11.6 de Procedimiento Civil, *supra*.

Por tener pertinencia con el recurso ante nuestra consideración, abundamos en lo que constituye una reconvención compulsoria *vis-á-vis* la reconvención permisible y los efectos de la reconvención omitida.

Sobre la reconvención compulsoria se ha sostenido lo siguiente:

*"Obliga a la parte demandada a formular al tiempo de su contestación cualquier reclamación que tenga contra la parte adversa, si surge de la acción u omisión evento que motivó la reclamación de la parte demandante y no requiere para su adjudicación la presencia de terceros sobre quienes el tribunal no puede adquirir jurisdicción. Naturalmente, que si esa reclamación fuera objeto de otro proceso, no tendría que ser formulada.*

*Se conoce esta reconvención como la reconvención compulsoria u obligatoria debido a que si no se formula se renuncia la causa de acción que la motiva y quedarán totalmente adjudicados los hechos y reclamaciones que puedan surgir de esa transacción o evento sin que el demandado pueda en una ocasión posterior formular una reclamación que de ellos haya surgido..."*. R. Hernández Colón, *Derecho Procesal Civil*, Michie, Ed. 1997, págs. 189-190.

De otra parte, también se ha sostenido que para que proceda una reconvención tiene que instarse contra

cualquier parte adversa al momento de notificar dicha alegación, tales como demandantes y demandados originales o terceros demandantes o terceros demandados; y que a los fines de determinar si una reclamación es una reconvención compulsoria, debe establecerse en los hechos operativos una lógica relación con la reclamación de la parte adversa. Véase, J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña- Procedimiento Civil,* **Publicaciones J.T.S.**, Suplemento 1994, págs. 83-84.

Por su parte, la Regla 10.1 de las de Procedimiento Civil, *supra,* establece que:

*"Un demandado deberá notificar su contestación dentro de veinte (20) días de habérsele entregado copia del emplazamiento y de la demanda. Si el emplazamiento se hiciere conforme a lo dispuesto en la Regla 4.5, el demandado deberá notificar su contestación dentro de los treinta (30) días de haberse publicado el edicto. La parte a la cual se notifique una alegación que contenga una demanda contra co-parte en su contra, notificará copia de su contestación a la misma dentro de diez (10) días de haber sido notificada. El demandante notificará su réplica a una reconvención, así denominada en la contestación, dentro de diez (10) días de notificada la contestación, o si el tribunal ordenare una réplica, dentro de diez (10) días de notificada la orden, a menos que éste disponga otra cosa. Cuando el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública y los municipios de Puerto Rico sean parte de un pleito, cualquier parte notificará su contestación a la demanda, su contestación a una demanda contra co-parte en su contra, o su réplica a una reconvención, dentro del término improrrogable de sesenta (60) días de habérsele entregado copia del emplazamiento y la demanda."*

### 3. Rebeldía:

A raíz de lo anterior, la Regla 45 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45 *et seq.,* regula lo relativo a la anotación de rebeldía a una parte en situaciones en las cuales ésta no cumple con el requisito de comparecer a presentar alegación alguna contra el remedio solicitado y en aquellas instancias en que ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción. *Ocasio v. Nelly Services,* **2005 J.T.S. 9**, 163 D.P.R. ____ (2005); *Alamo v. Supermercado Grande, Inc.,* 158 D. P.R. 93 (2002).

Específicamente, la Regla 45.1 de las de Procedimiento Civil, *supra,* señala las circunstancias en que podrá anotarse la rebeldía y las consecuencias que se derivan de la misma. A esos efectos, dicho precepto prevé que:

*"Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía."*

*"El propósito de estar sujeto a esta anotación es como disuasivo contra aquellos que puedan recurrir a la dilación como un elemento de su estrategia en la litigación."* J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, **Publicaciones JTS**, Ed. Luiggi Abraham, 2000, T. II, pág. 750. El trámite en rebeldía se fundamenta en *"la obligación de los tribunales de evitar que la adjudicación de causas se paralicen simplemente por la circunstancia de que una parte opte por detener el proceso de litigación",* Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 817 (1978). Conforme a ello, *"el mismo opera como remedio coercitivo contra una parte adversaria la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse".* Alamo v. Supermercado Grande, Inc., *supra.*

La razón por la cual se creó la figura de la rebeldía fue para estimular a las partes en un pleito a tramitar el mismo de una manera diligente y no para conceder una ventaja a una parte sobre la otra. Por tal motivo, las disposiciones relativas a la rebeldía no le garantizan, *per se,* al demandante una sentencia favorable. *Rivera v. Insular Wire Products Corp.,* 140 D.P.R. 912, 931 (1996); *Continental Ins. Co. v. Isleta Marina,*

106 D.P.R. 809, 817 (1978).

El trámite en rebeldía se fundamenta en *"la obligación de los tribunales de evitar que la adjudicación de causas se paralicen simplemente por la circunstancia de que una parte opte por detener el proceso de litigación"*. *Continental Ins. Co. v. Isleta Marina*, 106 D.P.R. 809, 817 (1978). Conforme a ello, *"el mismo opera como remedio coercitivo contra una parte adversaria la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse."* *Ocasio v. Nelly Services, supra; Alamo v. Supermercado Grande, Inc., supra*.

Como norma general, el trámite en rebeldía tendrá como consecuencia jurídica el que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. *Continental Ins. Co. v. Isleta Marina, supra; Colón v. Ramos*, 116 D.P.R. 258 (1985). De igual forma, el concepto *"materias bien alegadas"* se refiere a que en una rebeldía se considerarán admitidos los hechos correctamente alegados. *Continental Ins. Co. v. Isleta Marina, supra; Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996). Aun en materia de daños y perjuicios es aplicable la referida norma. Si tales hechos correctamente alegados permiten una conclusión de responsabilidad o negligencia y, además, establecen la relación causal entre la conducta negligente o culposa y el daño sufrido, el tribunal tendrá que darlos como hechos probados; al mismo tiempo, el propósito de las disposiciones relativas a la rebeldía no es conferir ventaja a los demandantes o querellantes, como tampoco les garantiza, *per se*, una sentencia favorable. *Continental Ins. Co. v. Isleta Marina, supra*.

Por otro lado, la Regla 45.3 de Procedimiento Civil autoriza a un tribunal a dejar sin efecto una anotación de rebeldía cuando existe justa causa para ello y bajo las condiciones que considere justas. Sobre este aspecto, debemos tener presente también que en nuestro ordenamiento jurídico prevalece la política judicial de que los casos se ventilen en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283, 292 (1988); *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679 (1987); *Díaz v. Tribunal*, 93 D.P.R. 79 (1966). Por ello, estas normas procesales deben interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos. En este análisis, sin embargo, debemos también tener presente que si bien nuestro ordenamiento jurídico favorece que los pleitos se resuelvan en los méritos, existe un interés legítimo de los litigantes y de la sociedad en general en que los casos se tramiten en un tiempo razonable y que su adjudicación sea final, el cual también tiene que tomarse en cuenta cuando se solicita la reapertura de una rebeldía. *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451 (1974); *Díaz v. Tribunal, supra*. Por ello, la discreción conferida a los tribunales bajo las Reglas 45.3 y 49.2 de Procedimiento Civil, *supra*. les requiere establecer un balance justo entre el interés de velar y garantizar que los procedimientos judiciales se ventilen sin demora y el derecho que tiene todo litigante a tener su día en corte y a que sus alegaciones y reclamaciones sean adjudicadas en los méritos. *Fine Art Wallpaper v. Wolf, supra*.

## 4. Responsabilidad Extracontractual:

El Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, consagra la obligación de reparar daños causados mediando culpa o negligencia. Al interpretar el referido artículo hemos señalado que para que surja la responsabilidad extracontractual deben concurrir los siguientes tres elementos: un daño, una acción u omisión negligente o culposa, y la correspondiente relación causal entre ambos. *Toro Aponte v. E.L.A.*, 142 D.P.R. 464 (1997); *Ramírez v. ELA*, 140 D.P.R. 385 (1996).

La culpa o negligencia es la falta del debido cuidado que consiste en no anticipar y prever las consecuencias racionales de un acto, o la omisión de un acto, que una persona prudente y razonable habría previsto en las mismas circunstancias. *Ramos v. Carlo*, 85 D.P.R. 353 (1962); *Toro Aponte v. E.L.A., supra*. Existe un deber de conducta correcta, aunque no prescrita en los códigos, que constituye el presupuesto mínimo sobreentendido en el orden social; por esto, son los tribunales los que habrán de determinar en qué consiste el deber de cuidado,

tomando en cuenta las circunstancias de cada caso. *Ramos v. Carlo, supra.*

El concepto culpa del Artículo 1802 es infinitamente abarcador, tanto como lo suele ser la conducta humana, por cuanto ésta se analiza con amplitud de criterio. *Toro Aponte v. E.L.A., supra; Santini Rivera v. Serv. Air, Inc.,* 137 D.P.R. 1 (1994); *Reyes v. Sucn. Sánchez Soto,* 98 D.P.R. 305 (1970). Conforme a nuestra tradición civilista, hemos adoptado como medida del deber de cuidado el estándar objetivo del buen padre de familia, que corresponde a la persona prudente y razonable en el derecho común anglosajón; según ese estándar, se exige la diligencia que emplearía un ser humano promedio, frente a las mismas circunstancias, para prever el daño y tomar medidas para evitar ese resultado dañoso. *Valle Izquierdo v. E.L.A.,* 157 D.P.R. 1.

El elemento de la previsibilidad está intrínsicamente relacionado al de causalidad; es por esto que en nuestra jurisdicción rige la doctrina de la causalidad adecuada para determinar si, de hecho, existe algún tipo de relación entre el daño causado y el acto culposo o negligente. De acuerdo a esta doctrina, se considera causa aquella condición que ordinariamente produciría el daño según la experiencia general, cuando ese daño aparece como consecuencia razonable y ordinaria del acto. *Toro Aponte v. E.L.A., supra; Soto Cabral v. E.L.A.,* 138 D.P.R. 298 (1995); *Torres Trumbull v. Pesquera,* 97 D.P.R. 338 (1969). La relación causal -- elemento imprescindible en una reclamación en daños y perjuicios --, es un elemento del acto ilícito que vincula al daño directamente con el hecho antijurídico, el cual postula que será causa suficiente en derecho aquélla que ordinariamente produce el daño, según la experiencia general. *Soto Cabral v. E.L.A.,* 138 D.P.R. 298 (1995); *Jiménez v. Pelegrina Espinet,* 112 D.P.R. 700, 704 (1982). Siendo así, no es causa adecuada toda condición sin la cual no se hubiese producido el resultado, sino aquella acción u omisión que por sí misma es capaz normal o regularmente, conforme la experiencia o el curso normal de los acontecimientos, de producir el daño en cuestión o de la clase dada. *Soto Cabral v. E.L.A., supra; Sepúlveda de Arrieta v. Barreto Domínguez,* 137 D.P. R. 735 (1994).

La doctrina establece que cuando una persona tiene derecho a que se dicte sentencia a su favor por los daños ocasionados a un bien mueble de su propiedad, y dichos daños equivalen a una destrucción parcial de la cosa, la indemnización comprenderá: (a) la diferencia entre el valor antes del daño y el correspondiente después, o, a opción del demandante, el valor del costo razonable de las reparaciones, cuando ello es posible, más la cantidad razonable por la diferencia que exista entre el valor de la cosa antes y después de las reparaciones, y (b) la pérdida de uso. *Torres v. González,* 68 D.P.R. 47, 53 (1948); *Cintrón v. Metro Taxicabs,* 72 D.P.R. 215, 220 (1951).

El daño moral es el menoscabo no patrimonial. No recae directamente sobre el patrimonio de una persona. *Cintrón Adorno v. Gómez,* 147 D.P.R. 576, 587 (1999). Es, pues, un daño inferido en los derechos de la estricta personalidad, o en valores que pertenecen más al campo de la afección que de la realidad material o económica. *Cintrón Adorno v. Gómez, supra.* Se trata de la lesión ocasionada en los bienes no económicos de una persona, o la repercusión afectiva desfavorable producida por los daños materiales. *Cintrón Adorno v. Gómez, supra.*

Sólo procede la compensación por ese concepto cuando el demandante pruebe cómo éstos han afectado la salud, el bienestar y la felicidad del damnificado. *Ramos Rivera v. E.L.A.,* 90 D.P.R. 828 (1964). Es imprescindible probar sufrimientos y angustias morales profundas. *Ramos Rivera v. E.L.A., supra.* No basta, pues, una pena pasajera como base para la acción. *Ramos Rivera v. E.L.A., supra.*

Si bien la valoración justa de los sufrimientos y sensaciones íntimas, dolor, temor, tristeza, ansiedad, humillación, pérdida de paz, etc.- es un problema inherente en la compleja cuantificación de los daños subjetivos morales, como tal, descansa en la discreción y conciencia del juzgador de los hechos. *Urrutia v. A.A. A.,* 103 D.P.R. 643 (1975). La intervención de un tribunal apelativo se justifica si las cuantías concedidas resultan claramente inadecuadas e improcedentes, esto es que sean *"ridículamente bajas o exageradamente altas". Riley v. Rodríguez de Pacheco,* 119 D.P.R. 762 (1987); *Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443, 451

(1985); *Urrutia v. A.A.A., supra; Valldejuli Rodríguez v. A.A.A.,* 99 D.P.R. 917 (1971).

En nuestra jurisdicción, la norma reparadora del Artículo 1802, *supra,* es amplia y abarcadora. *Santini Rivera v. Serv. Air, Inc.,* 137 D.P.R. 1, 7 (1994). En principio, algunos daños son de naturaleza intangibles, como lo es el sufrimiento, las angustias mentales y los daños emocionales, por lo que se consideran daños no patrimoniales, debido a que su valoración pecuniaria no se funda en una equivalencia matemática. *Santini Rivera v. Serv. Air, Inc., supra.* Aún así, no por eso dejan de ser compensables en dinero. *Santini Rivera v. Serv. Air, Inc., supra.* Por consiguiente, al medir los daños en un caso, el juzgador debe hacerlo sobre una estricta base de correspondencia con la prueba, siempre procurando que la indemnización de los daños y perjuicios no se convierta en una industria y no resulte lesiva a nuestra economía. *S.L.G. v. F. W. Woolworth and Co.,* 143 D. P.R. 76, 81 (1997); *Atiles Moreu, Admor v. McClurg,* 87 D.P.R. 865, 877 (1963). Este deber de los jueces tiene el propósito del sentido remediador y no punitivo que encarna el Artículo 1802 del Código Civil, *supra. S.L.G. v. F. W. Woolworth and Co., supra.*

La responsabilidad civil por daños y perjuicios es precisamente el deber de resarcir al damnificado, otorgándole un valor económico al daño sufrido. El resarcimiento o indemnización pecuniaria consiste en atribuir al damnificado la cantidad de dinero suficiente para compensar su interés perjudicado. Es como una subrogación real en que el dinero ocupará el lugar de los daños y perjuicios sufridos, y una aplicación pecuniaria que crea una situación patrimonial que equivale a la destruida por el daño causado.

Véase además: *García Pagán v. Shiley Caribbean, Ect., supra; Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443, 455-456 (1985).

## 5. Término prescriptivo para menores e incapaces:

El Artículo 153 del Código Civil, 31 L.P.R.A. sec.601, impone al padre con patria potestad el deber de representar a sus hijos no emancipados en el ejercicio de todas las acciones que puedan redundar en su provecho. Al comparecer el menor representado por su padre su incapacidad jurídica queda curada y de ahí en adelante corre contra él la prescripción extintiva igualmente que en el caso de las demás personas que tienen personalidad jurídica completa. Desde luego, el término prescriptivo para esta clase de acciones es de un año. Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298. Aunque el Artículo 1832 del mismo Código, 31 L.P.R.A. sec. 5243, dispone que los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas en los términos prevenidos por la ley, el Artículo 40 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 254, aprobado dos años después de la citada disposición del Código Civil, modificó sustancialmente el citado Artículo 1832 al establecer que en caso de menores y otros incapaces el tiempo que dure la incapacidad no se considerará para computar el término prescriptivo. *Gomez v. Márquez,* 81 D.P.R. 721, 727 (1960); *Ibáñez v. Diviño,* 22 D.P.R. 518, 522 (1915). El propósito de la excepción contenida en el citado Artículo 40 es proteger los intereses de los incapaces hasta el momento en que adquieren la capacidad jurídica necesaria para hacer valer sus derechos. *Higgins v. Schneider,* 160 A.2d 165, 169 (1960); *Embola v. Minnesota Iron Co.,* 112 N. W. 880 (1907); 13 Tul. L. Rev. 123.

## III

Por estar íntimamente relacionados, procedemos a discutir los primeros dos señalamientos de error en conjunto.

En el caso que nos ocupa, luego de examinada la transcripción de la evidencia oral, concluimos que no debemos intervenir con las determinaciones del Tribunal de Primera Instancia al respecto. Las mismas están plenamente sustentadas por el récord. Se estableció, y así fue creído por el tribunal, que la negligencia del reconveniente-apelante, el Sr. Héctor Nieves Vázquez, al conducir su vehículo de motor sin guardar la debida circunspección y el cuidado que las condiciones de la carretera requerían, ocasionaron los daños que han sido

reclamados.

Del análisis de la transcripción oral de la prueba surge que las conclusiones del tribunal *a quo* sí están sustanciadas por la prueba presentada. A nivel apelativo no intervendremos con la apreciación de la prueba del juzgador, es decir con las determinaciones de hechos y adjudicación de credibilidad del tribunal de instancia en ausencia de error manifiesto, pasión, prejuicio o parcialidad. La adjudicación de credibilidad del tribunal sentenciador es merecedora de gran deferencia por parte del tribunal apelativo por cuanto es ese juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada, ya que él fue quien oyó y vio declarar a los testigos. De los autos no surge evidencia alguna que nos permita sustituir el criterio del foro de instancia por el nuestro.

En cuanto al tercer y cuarto error, los cuales se relacionan en parte, podemos argumentar que en términos generales la reconvención, es la alegación que presenta la parte demandada en un pleito civil en oposición o con el propósito de disminuir la reclamación de la parte demandante. Dicha reconvención puede ser de naturaleza permisible o compulsoria.

La compulsoria, que es la que aplicaremos al caso de marras, requiere que se haga cuando surge de la misma transacción o evento en que se fundamentan las alegaciones de la demanda y no requiere para su adjudicación la presencia o intervención en el pleito de terceras partes sobre las que el tribunal no puede adquirir jurisdicción. Por tanto, tiene que estar lógicamente relacionada con la demanda original y surgir del mismo asunto o controversia en que se basa la demanda, como sucede en el caso de marras.

Lo anterior es relevante porque en el presente caso tenemos que considerar el tiempo razonable, discutido en el derecho aplicable, en que se permiten hacer dichas alegaciones, contestaciones o reconvenciones y según surge de los hechos del caso. Los reconvenientes-apelantes no contestaron la demanda hasta pasados 3 años y tres meses de ocurrido el accidente. La dilación excesiva del trámite procesal sin causa justificada y la variada oportunidad otorgada por el tribunal para que éstos, los reconvenientes-apelantes, tuvieran una adecuada representación legal y sometieran sus escritos oportunamente justifica la anotación de rebeldía según dispuesta por el T.P.I. Esta anotación tiene el efecto de sustentar como ciertas todas y cada una de las materias bien alegadas en la demanda hechas por la parte demandante-apelada a las cuales se le otorga el remedio correspondiente. No obstante, la falta de diligencia de los reconvenientes-demandados, padres del menor, no afecta su derecho de interponer una demanda por los daños sufridos por dicho menor una vez éste advenga a la mayoría de edad y reclame su derecho dentro del año prescrito para tales acciones. El derecho aplicable sobre los efectos de la minoridad de edad frente a la prescripción de una acción por daños y perjuicios al amparo del Artículo 1802 del Código Civil, no otorga la opción a los padres del menor de entablar una reclamación basada en el derecho del menor aun cuando haya expirado el término para éstos y cobijarse en las referidas disposiciones que protegen al menor para salvaguardar su propio derecho. Lo que buscan dichos artículos es no dejar desprotegido al menor o incapaz por la falta de diligencia de sus padres o tutor.

Por último el cuarto error señala que no se les permitió una contestación y reconvención a los demandados, quienes como formulamos en el tercer error y según surge del expediente, no fueron diligentes en responder y actuar como procedía y bajo los términos que la ley provee para la resolución de los pleitos. En cambio, tal y como mencionamos, éstos sometieron sus contestaciones y reconvención pasado 3 años y tres meses de la fecha en que fueron emplazados arriesgando incluso la propia causa de acción del menor, a excepción de los artículos que proveen para la protección de los derechos de éste. Los demandados contaban con 20 días a partir del emplazamiento para contestar la demanda y dentro de dicha contestación alegar la reconvención compulsoria a la que tenían derecho. Si el emplazamiento se hiciere conforme a lo dispuesto en la Regla 4.5 de Procedimiento Civil, el demandado deberá notificar su contestación dentro de los treinta (30) días de haberse publicado el edicto.

Por los fundamentos discutidos con anterioridad, procede sostener la decisión del T.P.I. en no permitir la contestación a la demanda ni la reconvención de Héctor Nieves Vázquez y Lina Rivera que ambos sometieron fuera del término, aun cuando el tribunal les otorgó varias prórrogas para evitar la pérdida de sus acciones.

## IV

Por los fundamentos antes esbozados, se CONFIRMA la Sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lic. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones